THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SANDY FREEMAN, Impleaded, Defendant-Appellant.

(No. 11278; )

Fourth District—December 17, 1970.

Earl R. Anderson, of Paris, for appellants.

Charles J. Gramlich, State's Attorney, of Paris, for the People.

Mr. JUSTICE CHAMBERLAIN delivered the opinion of the court:

The defendant, Sandy Freeman, appeals from a judgment of guilty and sentence of two to seven years in the Illinois State Penitentiary.

The defendant along with five other individuals was arrested in April of 1969 and charged with theft over $150.00. They were unable to post a $10,000.00 bond, and all defendants were then incarcerated. A few days later the defendants were found to be indigent, and an attorney was appointed to represent them. Bond was reduced on motion of their attorney to $5,000.00. Each defendant was a resident of the State of Missouri. The trial judge admitted in open court that the bond was higher than if they were local residents. One person, not the defendant, made bond. The defendants were subsequently indicted on charges of theft and conspiracy to commit theft.

Thereafter, this defendant, Sandy Freeman, and one other defendant pleaded guilty to theft and asked for probation. The charges against the other defendants were then dismissed.

Freeman was sentenced to a term of two to seven years and the other defendant, a female, was granted probation.

The defendant contends that error was committed in this case by, (1) he was held by excessive and discriminatory bail, which was fixed because of non-residency; (2) the defendant did not receive competent representation because the attorney was overburdened; (3) there was a conflict for the attorney to represent the defendants who pleaded guilty and to also represent the defendants whose cases were dismissed; (4) defendant was not properly admonished concerning his right to a jury trial.

■■ We see no error in the setting of the bond for several reasons. First, the bond was not excessive. Also, there is no showing that the defendant could have made the bond set. Finally, we see no relationship between the amount of bail set and his plea of guilty. The plea, if properly taken, would waive any alleged error.

■■ We also see no error in the defendant's contention that the attorney was overburdened to the extent that he did not adequately represent six defendants. The trial lawyer was an experienced attorney who had served two terms as State's Attorney of Edgar County.

■■ Prior to the plea of guilty the defendants waived their right to a preliminary hearing and no pre-trial motions attacking the sufficiency of the indictments were filed. We see no error in the trial attorney foregoing these procedures. If he found that a trial was going to be necessary, he would still have ample opportunities to pursue normal pre-trial procedures.

■■ We see nothing in this record that the assistance of effective counsel was denied because one attorney represented all defendants. In *People v.*

*Williams* (1966), 36 Ill.2d 194, six defendants were charged with rape and were all represented by one attorney. After their conviction they urged as error the denial of effective counsel. The Supreme Court at page 207 stated:

"It is finally argued that appointing a single attorney to represent all six defendants at their joint trial denied petitioner effective assistance of counsel. The Petitioner and his co-defendants did not present conflicting defenses. Each testified to his own involvement and the version given by each defendant corroborated the version given by the others. There is nothing in this record to suggest that there would have been a different result if there had been six attorneys appointed to represent the defendants in this trial or in six different trials. We find no error in appointing one counsel to represent all the defendants under the facts of this case."

The contention that there was a conflict that precluded the defendant from being effectively represented is also without merit. While a conflict among six defendants would not be unusual, there is no specific charge of any conflict. There is only charged the possibility there could be a conflict.

In *People v. Chapman* (1965), 66 Ill.App.2d 124, at page 127 the Court stated:

"Unless defendant properly establishes that a conflict of interest actually exists, or this fact becomes apparent during the trial itself, the Court will not indulge in speculation to determine whether separate counsel, in the interest of justice and fair trial, is required."

This principle was also followed in *People v. McCasle* (1966), 35 Ill.2d 552 and in the federal cases of *Lugo v. United States* (1965), 350 F.2d 858 and in *Martin v. United States* (1958), 256 F.2d 345.

In the *Lugo* case, *supra*, the court, at page 859, stated:

"It is true that where one attorney represents two codefendants, a conflict of interest which denies one or both of the defendants the effective assistance of counsel is a distinct possibility. When such a conflict exists, the conviction cannot stand. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). On the other hand, absent a conflict of interest which interferes with the proper presentation of the defense of one of the codefendants, the mere fact that both are represented by the same attorney is not grounds for reversal. Gonzales v. United States (9th cir. 1963), 314 F.2d 750. There has been no showing of any conflict of interest between Lugo and Santiago in this case, nor have we found any in our review of the record. Also, nothing indicates that Rock failed to give Lugo's defense the attention it required.

"All the cases cited to us by appellant involved obvious conflicts of interest, and while we cannot indulge in nice calculations about the amount of prejudice which results from a conflict of interest [Glasser, *supra*], neither can we create a conflict of interest out of mere conjecture as to what might have been shown."

We find nothing in this case to suggest any conflict. In the course of accepting the plea the trial court ascertained the facts of the purported crime. By the defendant's own statement he admitted he was deeply involved in the theft.

The fact that the charges were dismissed against the other defendants does not alter our opinion. Under the facts of this case the disposition of the cases of the other defendants is not relevant.

■■ Where there is more than one defendant involved one defendant cannot complain that the charges are not pursued against co-defendants.

The final contention by defendant is also without substance. The defendant charges he was not properly admonished concerning his right to a jury trial.

The trial court made a thorough and comprehensive admonishment to the defendant before the plea was accepted. He was admonished concerning the nature of the charges, the possible sentence, his right to counsel, the right to a jury trial or a bench trial, the right to call witnesses without expense and all other pertinent matters necessary prior to accepting a plea of guilty. Inquiry was also made concerning the degree of education and whether the defendant had ever had any mental ailments.

■■ We feel from the detailed inquiry conducted by the trial judge that the defendant knowingly waived his right to a jury trial. *People v. Surgeon* (1958), 15 Ill.2d 236.

Finally, we would comment that the State's Attorney improperly refused to disclose to the Court the recommendation he would make concerning a sentence if the plea of guilty was accepted. There is no issue raised on this appeal that the defendant did not receive what was bargained for. In fact, the record indicates that the State's Attorney did not make a recommendation. Therefore, we see no prejudice to the defendant. In view of the recent Supreme Court Rule 402 we feel that future hearing will affirmatively reflect negotiated sentences.

For the reasons stated herein the judgment of the trial court is affirmed.

Judgment affirmed.

SMITH, P. J., and CRAVEN, J., concur.