REES ET AL., APPELLEES, *v.*
HEIMBERGER, APPELLANT.

(No. 54698—Decided
July 24, 1989.)

*John T. Corrigan,* prosecuting attorney, and *Veronica Dever,* for appellees.

*Raymond Heimberger* and *John A. Gasior,* for appellant.

DYKE, J. The defendant-appellant, Raymond Heimberger, met the complainant-appellee Carol Ann Rees in the late summer months of 1976. They started dating and having intercourse regularly.

In late 1979, the appellant picked the appellee up at her place of employment, and they had intercourse in the back of the appellant's van. During the Christmas season of that year, the appellee discovered she was pregnant. On August 26, 1980, the appellant gave birth to the complainant-appellee Nicholas Raymond Rees.

On September 21, 1981, the appellee Carol Rees filed a paternity complaint against the appellant. On October 23, 1981, the appellee informed the court by letter of her desire to dismiss the complaint, and the court, accordingly, dismissed her complaint without prejudice.

On November 3, 1981, the appellee filed a second complaint against the appellant. On November 30, 1981, the appellee informed the court by letter of her desire to dismiss this second complaint. The referee involved in the case recommended that the appellee's case be dismissed with prejudice. The appellee objected to the referee's recommendation, and the court on January 8, 1982 sustained the appellee's objections. The court then dismissed the appellee's complaint without prejudice.

On October 1, 1985, the appellees Carol Ann Ress and Nicholas Raymond Rees filed a third paternity complaint against the appellant. A motion to dismiss was filed based upon the two prior voluntary dismissals.[1] On August 17, 1987, the trial of this matter began. On August 18, 1987, the court entered judgment in favor of the appellees.

The appellant timely appealed and initially assigned seventeen errors to the trial court. While the appeal was pending, appellant requested that appellate counsel be provided him. This court granted his request and allowed a supplemental brief to be filed in which two errors were assigned.[2]

---

[1] Civ. R. 41(A)(1).

[2] See Appendix.

## I

This paternity action was the third one commenced by appellee Carol Rees, the mother of Nicholas, against the appellant. The first two cases were voluntarily dismissed by her. Appellant argues under his ninth, tenth, twelfth, fourteenth, fifteenth and supplemental assignments of error that under Civ. R. 41(A)(1), appellee Carol Rees' second voluntary dismissal acted as an adjudication on the merits as a matter of law with prejudice. Accordingly, appellant argues that both appellees, Carol Ann Rees and her son Nicholas, are barred on the basis of *res judicata* from bringing an action to determine the existence of a father-child relationship. Appellant concludes that the trial court erred in not dismissing the complaint.

Appellant's contention that the action was barred on the basis of *res judicata* is not well-taken. In order for a judgment to be *res judicata,* there must be an identity of parties and identity of issues. "Parties" includes those who are interested in the subject matter of the suit, who have a right to make a defense or who have a right to control the proceedings. *Whitehead* v. *Gen. Tel. Co.* (1969), 20 Ohio St. 2d 108, 49 O.O. 2d 435, 254 N.E. 2d 10. "As a general rule, privity does not arise out of the parent-child relationship. *Johnson* v. *Norman* (1981), 66 Ohio St. 2d 186 [20 O.O. 3d 196, 421 N.E. 2d 124]. In a paternity proceeding, as in an action to recover damages for injury to a minor child, the claim of a parent and that of the child relate to the same subject matter; however, the claims are separate and distinct." *Viera* v. *Woolum* (Aug. 6, 1987), Franklin App. No. 86AP-867, unreported, at 3.

Before 1982, a child did not have any right to be a party to a paternity action as the action was meant to benefit only the unmarried mother. The child had an independent common-law action for maintenance and support which included a finding of paternity. *Franklin* v. *Julian* (1972), 30 Ohio St. 2d 228, 59 O.O. 2d 264, 283 N.E. 2d 813.

In *Johnson* v. *Norman, supra,* the court stated:

"An unmarried mother's dismissal of her action under R.C. Chapter 3111 with prejudice is not a bar to her minor child's separate common law action for support and maintenance from his putative father." *Id.* at paragraph three of the syllabus.

However, after the amendment of R.C. Chapter 3111 in 1982, a minor child has a separate and distinct claim from that of his mother. *Viera* v. *Woolum, supra.*

Like the child in *Viera* v. *Woolum, supra,* the child in the present case, Nicholas, was not and could not have been joined as a party in the two actions filed by his mother in 1981. Therefore his action against the appellant was not barred on the basis of *res judicata.* Appellant's assignment of error is sustained as to appellee Carol Ann Rees and overruled as to Nicholas. Our decision that appellee Carol Ann Rees did not have standing to represent her son does not affect the judgment of the trial court in the paternity action between appellant and appellee Nicholas Rees. Nicholas had a right to bring the action pursuant to the provisions of R.C. 3111.04.

## II

Though the complaint in this case was filed on October 1, 1985, the appellant was not appointed counsel until February 24, 1987. Appellant argues under his first, second, third and fourth assignments of error that he was denied his right to counsel because the court neither appointed him counsel nor informed him that he had a

right to counsel in the beginning of the case.

In *State, ex. rel. Cody,* v. *Toner* (1983), 8 Ohio St. 3d 221, 8 OBR 255, 456 N.E. 2d 813, the court held:

"The denial of court-appointed counsel for an indigent paternity defendant who faces the state as an adversary, when the complainant-mother and her child are recipients of public assistance, violates the due process guarantees of the Ohio and United States Constitutions."

In addition, it is settled that "where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request [for the assistance of counsel]." *Carnley* v. *Cochran* (1962), 369 U.S. 506, 513.

In order for a defendant to make use of his right to counsel, it only makes sense that he must be aware of that right. It follows that when the state acts on a paternity complaint, a court should at the outset of the case determine whether the defendant is indigent and whether counsel should be appointed in his behalf. In this case, the court did not at the outset of the case determine whether the appellant was indigent. The court erred when it did not make this determination.

Even if the appellant is entitled to be informed of his right to counsel at the filing of the complaint, any error the court made in not informing him of that right was harmless. The only two substantive issues decided by the court prior to the time it appointed counsel were its overruling of appellant's motion to dismiss and its grant of appellee's motion for genetic testing. As we have discussed, Nicholas was not barred by Civ. R. 41(A)(1) from litigating his lawsuit since his paternity action was not barred by *res judicata.* Further, under R.C. 3111.09 the court may order genetic testing at its discretion. Accordingly, both issues decided

prior to the court's appointment of counsel were properly decided. Therefore, counsel could not have assisted the appellant to any greater degree than the appellant assisted himself and he was not prejudiced by his lack of counsel.

In addition, the evidence adduced at trial overwhelmingly showed that the appellant was the father of Nicholas Rees. Carol Ann Rees testified that Nicholas was conceived in the back of the appellant's van and that she had not had sexual relations with men other than the appellant. She also testified that appellant was present at Nicholas' birth, had given her money for Nicholas and had sent Nicholas gifts and birthday cards.

Janet Heimberger, who was the appellant's wife at the time Nicholas Rees was born, testified that the appellant admitted to her that he was the father of Nicholas Rees.

Dr. Andrea Zachary, Ph.D., the co-director of the Histocompatibility and Immunogenetics Laboratory at the Cleveland Clinic, testified that the tests performed at the clinic showed a 99.8 percent probability that the appellant was Nicholas' father.

Appellant's assignment of error is overruled.

III

Prior to trial, the court ordered the appellant to submit to genetic testing at the Cleveland Clinic. Appellant argues under his fifth and sixth assignments of error that this order denied him his right to safety in violation of the Ohio Constitution.

Apart from appellant's assertions that the genetic test itself subjected him to potential life-threatening diseases, there is nothing in the record to substantiate in any way appellant's claim.

Appellant's fifth and sixth assignments of error are overruled.

## IV

The results of the genetic tests performed on the appellant showed that there was a 99.8 percent probability that he was the father of Nicholas Rees. After these results were generated, the appellant moved the court to pay for additional tests. The court refused. The appellant states in his seventh and eighth assignments of error that the court denied his right to due process in violation of the United States and Ohio Constitutions.

Pursuant to App. R. 12(A), we will not address these assignments as appellant simply asserted them without separately arguing them by brief. *Contel Credit Corp.* v. *Rosenblatt* (1988), 43 Ohio App. 3d 113, 539 N.E. 2d 708.

Appellant's sixth and seventh assignments of error are overruled.

## V

Under his eleventh, thirteenth, sixteenth and seventeenth assignments of error appellant asserts that because this case was commenced six years after the birth of the child at issue, the state committed laches. Appellant states that R.C. 3111.08 is unconstitutional and that R.C. 3111.05 is unconstitutionally vague.

Again, appellant has failed to separately argue by brief his assigned errors, and therefore we will disregard these assignments. *Contel Credit Corp.* v. *Rosenblatt, supra.*

Appellant's eleventh, thirteenth, sixteenth and seventeenth assignments of error are overruled.

*Judgment affirmed.*

ANN McMANAMON, C.J., and NAHRA, J., concur.

## Appendix

"I. Court denied rights of defendant who faces state as an adversary in proceedings of paternity or support, when state's prosecuting attorney represents complainant mother and her child, wherein defendant has a right of counsel in all such proceedings and hearings, as therein important rights may be informed or decisions may be made, and defendant must be advised at the onset of such proceedings, of his right of counsel and that when indigent or unable to afford legal counsel he need not represent himself, but that counsel will be appointed for him. Furthermore, defendant must be informed and must be able to make an intelligent waiver of his right of counsel, whenever so disposed, and the right to be furnished counsel does not depend on a request, and it is an error of the court and an abuse of discretion to silently or tacitly proceed, and to deny defendants [*sic*] rights, information or informed choice thereof, U.S.C.A. Const. Amends. 5, 14; Ohio Const. Art. I, Sec. 16.

"II. Wherein a defendant individual appeals based upon his constitutional rights in paternity or support proceedings, and has been found indigent and unable to pay costs, he has a substantive due process right of counsel, and to be advised of rights of counsel upon such appeal, U.S.C.A. Const. Amends. 5, 14; Ohio Const. Art. I, Sec. 16.

"III. It is an error of court and denial of defendant's rights for right of counsel to be applied herein only silently, tacitly, or upon request or argument to trial court or Ohio court of appeals, U.S.C.A. Const. Amends. 5, 14; Ohio Const. Art. I, Sec. 16.

"IV. Guidelines included in *Miranda (Miranda* v. *Arizona,* 384 U.S. 436) apply in paternity proceedings of juvenile courts or, apply in such aforesaid proceedings to officers of the state and state's support law enforcement officers, including state's or county's prosecuting attorney, and it is an error of court and violation of defendant's

individual's rights in denying rights or guidelines therein, U.S.C.A. Const. Amends. 5, 14; Ohio Const. Art. I, Sec. 16.

"V. It is an error of the court and abuse of discretion to deny defendant's motion against genetic testing when defendant fears for his life from AIDS infection in the blood, when there are published reports of AIDS infection causing death of Cleveland Clinic staff doctor, wherein aforesaid clinic spokesman states in published reports that 'clinic cannot be expected to know whether a doctor on its staff has an infectious disease', and that the clinic has no official policy of infectious disease for its health care workers, and when the prosecuting attorney has requested aforesaid clinic, and when court has repeatedly ordered and only allowed testing at aforesaid clinic, defendant has a right of safety from deadly infection, and defendant has a right of choice in his evidence or defense, and court must be just, reasonable, and have compassion for life and safety in making such orders, judgments, or decisions, and court herein denied defendant's rights, Ohio Const. Art. I, Sec. 1, re: Right of individual's safety, and Art. I, Sec. 16.

"VI. It is an error of the court and abuse of discretion to deny request for an alternate genetic testing location, when defendant fears for his life from AIDS infection in the blood, when there are published reports of AIDS infection causing death of Cleveland Clinic staff doctor, wherein aforesaid clinic spokesman states in published report that 'clinic cannot be expected to know whether a doctor on its staff has an infectious disease' and that the clinic has no official policy on infectious disease for its health care workers, and when the prosecuting attorney has requested aforesaid clinic, and when court has repeatedly ordered and only allowed testing at aforesaid clinic, defendant has a right of safety

from deadly infection, and defendant has a right of choice in his evidence or defense, and court must be just, reasonable, or have compassion for life and safety in making such orders, judgments, or decision, and court herein denied defendant's rights, Ohio Const. Art. I, Sec. 1, re: rights of individual's safety, and Art. I, Sec. 16.

"VII. It is an error of the court and abuse of discretion to deny defendant's request for return of funds, required by the clerk to be deposited with the court upon making a request for alternative genetic testing, when defendant had filed affidavits with court regarding his unemployment and lack of funds, wherein request for such alternative testing was held to be 'moot,' wherein defendant was then unable to obtain independent genetic testing or medical witness in evidence, wherein scarce funds where unavailable for defense costs or evidence causing prejudice to defendant, and wherein the state represents and prosecutes for the complainants, with the full power, resources, and immunities of the state, and complainants do not, then, fail for want of expert witness, out of state witness, and comparatively unlimited resources or costs of prosecution. Court herein denied defendant's rights and defense, U.S.C.A. Const. Amends. 5, 14; Ohio Const. Art. I, Sec. 16.

"VIII. Defendant has a right to his own defense and, to his own defense resources, witnesses, and evidence, which were denied to defendant in denial of monies on deposit with court after genetic testing motion was held 'moot,' and in denial of alternative or independent medical evidence, U.S.C.A. Const. Amends. 5, 14; Ohio Const. Art. I, Sec. 16.

"IX. Trial court has no jurisdiction of the subject matter of the action herein. It is an error of court and abuse of discretion to hold against res judicata in former judgments when the

prosecuting attorney has maintained against the action of Rule 41(A)(1), or that a change in the statute of paternity proceedings of 6-29-82, or that assignment of next friend or guardian ad litem, or also that former court dismissals described as without prejudice in 1981, allow reopening of the instant alleged matter. Aforesaid holding violates defendant's rights under the U.S. Constitution, Amendments Art. V and XIV, which includes double dismissal, double jeopardy, or requiring him to defend against the same allegation and accusation of paternity and support, repeatedly brought before the court over a period of years, wherein aforesaid state is a party as support creditor or claimant, and acts to represent complainant(s) with the full power, resources, and immunities of the state, and prosecuting attorney acts, by agreement, 'as a public official,' O.A.C. 5101: 1-29-51(C), U.S.C.A. Const. Amends. 5, 14; Ohio Const. Art. I, Sec. 16.

"X. Neither the state nor prosecuting attorney, with all of their resources and power, shall be allowed to make repeated attempts at trying an individual on a complaint and allegation of paternity and for an order of support, thereby subjecting him to embarrassment, expense, and ordeal and compelling him to live in a continued state of anxiety and insecurity, as well as enhancing the possibility that even though innocent of the accusation and allegation, an adverse finding with it's [sic] potential sanction.

"XI. The state or complainant who obtains privilege of aforesaid state or states [sic] prosecuting attorney, with the vast power, resources, and immunities of state, has a responsibility to act or proceed promptly to prosecute and try their accusations or allegations of paternity, and may not delay or implement such delay while applicable statutes change and defense evidence decays or becomes stale, to the prejudice of defendant, and it is an error of court to so allow. Aforesaid prompt action is likened or analogous to right of an accused to a speedy trial or meaningful action within a meaningful time, U.S.C.A. Const. Amends. 5, 14; Ohio Const. Art. I, Sec. 16.

"XII. Court erred and abused its discretion in granting favor to the prosecuting attorney of multiple dismissals, or of another trial attempt after (2) previous dismissals, and in exercising authority of court to allow successive attempts at prosecution of an accusation or allegation, so as to afford the prosecution another, more favorable opportunity to prosecute, or when complainant is also adversary of state in parallel dependency case or is so threatened with loss of child, to the prejudice, harassment or violation of defendant's right, U.S.C.A. Const. Amends. 5, 14; Ohio Const. Art. I, Sec. 16.

"XIII. Court erred and denied defendant's rights in not finding that O.R.C. 3111.08 is unconstitutional in maintaining civil rules of law and in its civil litigation generalization of paternity proceedings. As it overlooks and is inconsistant with the multiple roles of the prosecuting attorney as counsel for the complainants, representative or law enforcement officer of the state, and states [sic] public prosecuting attorney. The prosecuting attorney is, in his full capacity, a law enforcement officer with authority to bring not only this complaint of paternity, but also criminal charges in support proceedings before court. The statute of O.R.C. 3111.08 is unconstitutional because it overlooks the res judicata effect of determination of paternity in criminal proceedings of support enforcement under O.R.C. 2919.21 and, furthermore, said statute infringes upon the constitutional prerogatives of the court to establish rules of court as applicable, U.S.C.A. Const. Amends. 5, 14; Ohio Const. Art. I, Sec. 16.

"XIV. Assistance and counsel, of the state or state's prosecuting attorney, to complainants, as provided in O.R.C. 3111.07 or other statutes applicable to these proceedings, carry or invoke the full power, resources, and immunities of state; however, aforesaid power of state also carries responsibilities which include a bar against using or allowing power of state to be used for harassment or vexation, and a bar against repeated attempts at prosecuting an accusation or allegation through repeated filings or dismissals, and it is an error of court and law, and denial of individual's constitutional rights to so sue or allow, U.S.C.A. Const. Amends. 5, 14; Ohio Const. Art. I, Sec. 16.

"XV. Court erred and abused it's [*sic*] discretion when it did not hold that this matter is vexatious and harassing when complainant, state, or prosecuting attorney have filed the same complaint three (3) times with the court, and in which complainant withdrew in 1981 stating that it was a mischievous complaint and because she was not getting any attention, and when complainant engages in and admits to other harassment, including calls and visits to defendant's employers and work associates, or when complainant is also adversary of state in parallel dependency case or is so threatened with loss of child, and therefore, court shall find dismissal by reason of harassment, vexatious complaints, accusations, and litigation, and shall issue an order or injunction prohibiting further harassment through the courts in the allegation and accusation; court thereby denied defendant's rights, U.S.C.A. Const. Amends. 5, 14; Ohio Const. Art. I, Sec. 16.

"XVI. It is error and abuse of discretion for court to hold limitation of action in O.R.C. 3111.05 as valid, as it is an unreasonable, overbroad, or vague statute of limitations in violation of the defendant's constitutional rights to due process and equal protection of the law, wherein the aforesaid limitation of action allows an unreasonable, unjust, and prejudicial time for action in any and all complaining parties, rather than prompt or meaningful action, wherein statute attempts to provide for minority of child which has already been justly provided in paternity law and statute, or wherein aforesaid statute attempts to redefine limitation of action in terms of alleged creditor(s), to the prejudice and detriment of alleged debtor and his evidence, U.S.C.A. Const. Amends. 5, 14; Ohio Const. Art. I, Sec. 16.

"XVII. Court erred in not finding estoppel by laches based upon complainant's and state's unreasonable, unexplained, and prejudicial delay of approximately six (6) years in asserting or prosecuting a complaint and accusation of alleged paternity."

Supplemental Assignments of Error

I

"Whether the trial court erred in overruling the defendant-appellant's motion to dismiss complainant's third complaint where the complainant had on two previous occasions caused the same action to be dismissed by notice pursuant to Rule 41(A)(1) of the Ohio Rules of Civil Procedure, thereby invoking that rule's 'two-dismissal' sanction."

II

"The trial court erred in overruling the defendant-appellant's motion to dismiss the complaint in case No. 8572066 thereby violating his right to due process of law guaranteed him under the Fourteenth Amendment to the United States Constitution and Article One, Section Sixteen of the Ohio Constitution where the state of Ohio, through the county prosecuting attorney, having a right to intervene under Ohio Revised Code Section 3111.07(B), twice dismissed an action

under Section 3111.01 et seq. and prosecuted it for a third time in five years contrary to the spirit, if not the letter of the law, as it pertains to double jeopardy, double dismissal under Rule 41 of the Ohio Rules of Civil Procedure and general principles of fundamental fairness established under the United States and Ohio Constitutions."