CORNELL, Appellee,

v.

BRUMFIELD, Appellant.

[Cite as *Cornell v. Brumfield* (1996), 115 Ohio App.3d 259.]

Court of Appeals of Ohio,
Fourth District, Lawrence County.

No. 95CA26.

Decided Oct. 10, 1996.

260

*Richard B. Meyers,* for appellee.

*Marty J. Stillpass,* for appellant.

STEPHENSON, Judge.

This is an appeal from a judgment entered by the Lawrence County Court of Common Pleas, Juvenile Division, establishing a parent/child relationship between Dana Cornell (born June 14, 1980), plaintiff below and appellee herein, and John Brumfield, defendant below and appellant herein, and ordering appellant to pay support for the benefit of his son. The following errors are assigned for our review:

I. "The court below erred in determining parentage and establishing support where the issue of parentage was previously adjudicated by the court in a prior case."

II. "In the alternative, the court below erred in holding that the payments under the compromise agreement continue in addition to the child support."

The record reveals the following facts pertinent to this appeal. On June 14, 1980, Beverly Sue Cornell gave birth to appellee, Dana Cornell. It is unclear from the record whether or not Cornell was married to anyone at the time her son was born. In any event, several years later, she commenced a parentage action against appellant in the Juvenile Division of the Common Pleas Court of Lawrence County, Ohio. The original papers from that case were apparently not before the court below and are not included in the record of this case on appeal.[1] However, it would appear that on December 30, 1985, an agreed judgment between the parties was entered therein and provided as follows:

"The Court finds that Plaintiff and Defendant, John D. Brumfield, have entered into a compromise agreement with regard to the support of the child, Dana C. Cornell, which agreement has been presented to the Court this date in a

---

1. On October 23, 1995, appellant filed a motion to supplement the record in the cause *sub judice* with the original papers from the previous parentage action (case No. 82–PT–33). We denied that motion on January 3, 1996, because those items were never before the court during proceedings below and, thus, could not properly be considered by us on appeal. There is, nevertheless, a copy of the judgment entry from that case attached as an exhibit to one of the pleadings filed below. Inasmuch as both parties proceed under the assumption that this is a correct copy of the judgment entered in the previous parentage action (case No. 82–PT–33), we will, likewise, do the same.

form of a Judgment Entry and been approved by the Court as an order of the Court.

" * * *

"It is further the finding of the Court that Defendant, John D. Brumfield, by affixing his signature to this Judgment Entry, has hereby agreed that he shall not in any manner in the future proceed with a paternity action on his behalf with regard to Dana C. Cornell * * * nor will he proceed in any manner to establish legal visitation privileges with [that] child. Based on said Defendant, John D. Brumfield's agreement in this regard, it is hereby ORDERED that John D. Brumfield shall be forever barred from pursuing a paternity action in regard to Dana C. Cornell * * * and it is ORDERED that he shall also be barred from proceeding to establish legal visitation privileges with [the] child."

On July 14, 1993, appellee commenced the action below (by and through Beverly Sue Cornell, his mother and next friend) to establish a parent/child relationship with his alleged father and to obtain child support. Appellant filed an answer denying that he was appellee's father and, further, asserted that the issue of paternity had already been litigated and settled during the previous parentage action with appellee's mother. On September 2, 1993, appellant filed a motion for summary judgment arguing that the issues of paternity and support were *res judicata* and that his alleged son's action was barred pursuant to, *inter alia*, the previous decision of this court in *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 597 N.E.2d 1137. Appellee filed several memoranda opposing summary judgment, arguing in essence that the case below was not rendered *res judicata* by the previous parentage action because that case involved the claims of the mother, whereas this case involved the claims of the minor child. Appellee cited another decision by this court, *Park v. Ambrose* (1993), 85 Ohio App.3d 179, 619 N.E.2d 469, for the proposition that "[a] child's claim * * * brought under R.C. [Chapter] 3111 [Parentage] is separate and distinct from the mother's claim." A guardian *ad litem* was appointed for the minor child and also filed a memorandum opposing summary judgment. On February 2, 1995, the court below entered judgment overruling the motion. The court held that appellee "has an independent right regarding paternity, maintenance and support issues" and that he had not been a party to the previous parentage action. Thus, the court concluded, Dana was not bound to the agreed judgment that had been entered in that case.

Blood tests were subsequently ordered and revealed a 99.90 percent probability that appellant was appellee's father. Appellant admitted paternity at that point, and on June 22, 1995, judgment was entered establishing a parent/child relationship between the two parties. The trial court also ordered appellant to pay

biweekly support for his son in the amount of $138 plus poundage. This appeal followed.

Appellant argues in his first assignment of error that the issues of paternity and support are *res judicata* by virtue of the previous parentage action and that the lower court was barred from readjudicating those issues in the present case. We disagree.[2] Our analysis begins with the well-settled proposition that a final judgment between parties to litigation is conclusive as to all claims or issues therein litigated under the doctrine of *res judicata*. See, generally, *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, at the syllabus; *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178, 1180; *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10, at paragraph one of the syllabus. This doctrine was applied by the Ohio Supreme Court in *Gilbraith v. Hixson* (1987), 32 Ohio St.3d 127, 512 N.E.2d 956, at the syllabus, to hold that a determination of parentage in an agreed dissolution decree or legitimation order will bar a subsequent paternity action. The doctrine of *res judicata* was then further extended by this court in *Nelson, supra,* 73 Ohio App.3d at 484, 597 N.E.2d at 1140–1141, to hold that an agreed entry (pursuant to R.C. 3111.19) in a parentage action would bar any subsequent relitigation of the same issues in a second parentage case.

Appellant relies extensively on our previous decision in *Nelson* to support his position. He points out that this case, like *Nelson,* involved the settlement of a previous parentage action and then commencement of a subsequent case to obtain additional support. The difference between this case and *Nelson,* however, lies in the identity of the parties involved. Both parentage actions in *Nelson supra,* were commenced by the natural mother of the minor child. This was not the case here. Beverly Sue Cornell (appellee's mother) initiated the first parentage action on her own behalf. She later settled that claim with appellant. By contrast, the case below was initiated on behalf of appellee (Dana Cornell, her son). It is true that the action was brought by and through Ms. Cornell as his mother and next friend. However, this was only a pleading device. A minor has no standing to sue before he reaches the age of majority and must sue through a guardian or other like fiduciary or by a next friend. See Civ.R. 17(B); see, also, *Day v. MacDonald* (1990), 67 Ohio App.3d 240, 248, 586 N.E.2d 1135, 1140–1141. While the cause might have technically been commenced by Ms. Cornell, the real claimant and party in interest to this action has been her son. Appellant has

---

2. We note, parenthetically, that appellant is not directly challenging the trial court's ruling on his motion for summary judgment, and therefore we do not address the proper standard of review for such proceedings. Instead, appellant challenges the ultimate determination of paternity and support in light of the previous proceedings, and we accordingly confine our review to that point.

consistently refused to acknowledge in these proceedings that it was for the benefit of Dana, rather than his mother, that the action below was brought. This has been the flaw in his *res judicata* argument both at the trial level and here on appeal.

■ It is well-settled law that *res judicata* is operative only when there is a mutuality of parties (or persons in privity with those parties) in both the first and second suit. *Whitehead, supra,* 20 Ohio St.2d at 113, 49 O.O.2d at 438, 254 N.E.2d at 13–14; *Johnson v. Norman* (1981), 66 Ohio St.2d 186, 190, 20 O.O.3d 196, 198–199, 421 N.E.2d 124, 126–127; see, also, *State v. Williams* (1996), 76 Ohio St.3d 290, 295, 667 N.E.2d 932, 936 (applying this principle in the context of collateral estoppel). It is clear that there is no mutuality of parties between the cause *sub judice* and the previous parentage action. Although appellant was named as party defendant in both cases, the first suit was brought by the mother and the second suit by her son. That fact does not change simply because Dana, being a minor child, was forced to pursue the action by and through his mother pursuant to Civ.R. 17(B).

■ We are also not persuaded that mother and son were in privity with each other so as to relax the strict requirement of mutuality of parties. The Ohio Supreme Court has noted that such privity generally does not arise from the mere relationship of parent and child. *Johnson, supra,* 66 Ohio St.2d at 190, 20 O.O.3d at 198–199, 421 N.E.2d at 126–127. It has also been recognized by this court and others that the claims of a mother and child in a parentage action brought pursuant to R.C. Chapter 3111 are distinct from one another. *Park, supra,* 85 Ohio App.3d at 185, 619 N.E.2d at 473–474; see, also, *Ransome v. Lampman* (1995), 103 Ohio App.3d 8, 16–17, 658 N.E.2d 313, 318–319; *Rees v. Heimberger* (1989), 60 Ohio App.3d 45, 46, 573 N.E.2d 189, 191–192. The trial court correctly acknowledged that the claim being prosecuted by Dana below was independent of the one prosecuted by his mother ten years ago. The minor child was never a party to that previous action and cannot be bound by the doctrine of *res judicata* to an agreed settlement reached therein.

This ruling is consistent with our recent decision in *Payne v. Cartee* (1996), 111 Ohio App.3d 580, 676 N.E.2d 946, wherein we held that a trial court correctly declined to apply the doctrine of *res judicata* to bar a parentage action brought by a child more than nine years after the mother had settled a similar action against the father.[3] It is also consistent with similar rulings by other courts. See, *e.g., Broxterman v. Broxterman* (1995), 101 Ohio App.3d 661, 664, 656

---

3. As with the cause *sub judice,* the parentage action of the minor child in *Payne v. Cartee* was brought by and through his mother as next friend. We rejected the suggestion therein that the mother was a litigant simply for serving as a conduit for her son to bring his claim.

N.E.2d 394, 396–397 (child not barred by *res judicata* from bringing parentage action even though paternity had been decided in a previous case); *Lewis v. Chapin* (1994), 93 Ohio App.3d 695, 702–703, 639 N.E.2d 848, 852–853 (child not barred by *res judicata* from bringing parentage action even though paternity had been previously determined in a legitimation order). For these reasons, we find appellant's first assignment of error to be without merit and it is accordingly overruled.

■ Appellant argues in his second assignment of error that his agreed settlement entry of the previous parentage action with Ms. Cornell and the judgment of support entered below are "mutually exclusive." He concludes that both entries cannot be enforced at the same time and that the previous agreed judgment must be set aside in its entirety if the judgment in favor of his son below is to be affirmed. We disagree with this argument to the extent that appellant contends the two judgments are mutually exclusive. As discussed above, both mother and child have separate and distinct parentage claims under R.C. Chapter 3111. *Park, supra,* 85 Ohio App.3d at 185, 619 N.E.2d at 473–474; *Lampman, supra,* 103 Ohio App.3d at 17, 658 N.E.2d at 319; *Heimberger, supra,* 60 Ohio App.3d at 46, 573 N.E.2d at 191–192. The agreed judgment previously entered in Ms. Cornell's action was in satisfaction of the mother's claim, and the judgment entered below is in satisfaction of the child's claim. These two judgments are not mutually exclusive.

■ At the same time, however, they both serve the same purpose. The economic obligation undertaken by the father in his compromise agreement with the mother (in their previous parentage action) was for the benefit of their child. R.C. 3111.19. The support ordered to be paid below was also for the benefit of their child. R.C. 3111.13(E). It is obvious that the child is only entitled to one "support." Child support is to be calculated in these cases pursuant to the schedules and applicable worksheets in R.C. 3113.215. Given that the monies paid by appellant to Ms. Cornell under the previous agreed entry were for the benefit of the minor child rather than Ms. Cornell personally, that figure should have been taken into consideration by the court below in determining what amount of additional support should be ordered. It does not appear that the trial court took into consideration any amount of support being paid under the previous agreed entry when figuring the amount of support to award to Dana below.

Thus, to this limited extent, appellant's second assignment of error is sustained. The issue of child support payment is remanded to the trial court for further

consideration in light of those monies, if any, already being paid under the previous agreed entry with the mother.[4]

*Judgment affirmed in part
and reversed in part,
and cause remanded.*

HARSHA and KLINE, JJ., concur.

---

4. It is unclear, from the scant record before us, whether appellant is paying any monies to Ms. Cornell as a result of their settlement of the previous parentage action. If so, then such monies are to be included when the court calculates what additional child support payments are necessary to bring appellant into compliance with the schedules and worksheets of R.C. 3113.215. In the event that no sums are being paid under the previous settlement, the court is free to order whatever support payments are in compliance with the law.