DECISION AND JUDGMENT ENTRY
Alf Bricker appeals the decision of the Scioto County Court of Common Pleas, Domestic Relations Division, adopting the magistrate's determination that he is the natural father of Erika Bradford. Bricker contends that the magistrate and the trial court erred in failing to find that the complaint against him is barred by res judicata. Because the trial court properly overruled Bricker's objection on the ground that Bricker failed to comply with Civ.R. 53 (E), we cannot consider the merits of Bricker's objection. Accordingly, we overrule Bricker's assignment of error and affirm the judgment of the trial court.
 I.
Kellie Parker gave birth to Erika Bradford on July 18, 1988. Parker, through the Scioto County Child Support Enforcement Agency (CSEA), first filed a paternity action against Bricker in 1991. A court ordered blood test established that there is a 99.82% probability that Bricker is Bradford's father. However, the court dismissed the case, without prejudice, based upon Parker's failure to prosecute.
Parker initiated a second paternity action against Bricker, again on Bradford's behalf, in July 1996. On May 1, 1997, Parker filed a "Notice of Dismissal," in which she purported to dismiss her case, without prejudice, pursuant to Civ.R. 41 (A) (1). Two weeks later, on May 14, 1997, the trial court filed a judgment entry, signed by both the parties, dismissing the action based upon Parker's failure to appear. The court did not specify whether it intended to dismiss the complaint with or without prejudice.
Parker commenced this paternity action, her third, against Bricker on October 10, 1997. Bricker responded by filing a motion for summary judgment. Bricker alleged that Parker's third action is barred by res judicata because the dismissal of Parker's second complaint acted as a dismissal with prejudice. Parker filed a response and a cross motion for summary judgment.
A magistrate reviewed the parties' motions for summary judgment and determined that the action for paternity was not barred byres judicata. The magistrate then granted Parker's motion for summary judgment and found that Bricker, as Bradford's natural father, owes child support.
Via a written entry issued January 13, 1999, the trial court adopted the magistrate's decision, and ruled that the decision would become an order of the court unless the parties filed timely objections. This entry included a notice requiring the parties to file their objections to the magistrate's decision in compliance with Civ.R. 53. Civ.R. 53 requires an objecting party to file "specific" objections that "state with particularity the grounds of objection" within fourteen days after the magistrate issues his decision. Civ.R. 53 (E) (2).
On January 26, 1999, Bricker filed a document entitled "Defendant's Objections to Magistrate's Decision." In its entirety, the document stated the following:
 Comes now the Defendant and hereby objects to the Magistrate's Decision and Entry filed on January 13, 1999. Counsel for Defendant states that he will provide a Memorandum in Support of these Objections at a later date.
Bricker did not file a motion for extension of the time period in which he was to file his specific objections and the particular grounds for them. However, the trial court scheduled a hearing on the objections for February 10, 1999.
On February 9, 1999, Bricker filed a motion to continue the hearing on his objections. Bricker still had not filed specific objections, stated the particular grounds for his objections, or requested an extension of time in which to do so. The trial court continued the hearing until March 30, 1999.
On March 1, 1999, Bricker filed a memorandum in support of his objections to the magistrate's decision. In his memorandum, Bricker asserted that the magistrate improperly gave Bradford's substantive right to parental support greater value than his procedural right to be free from multiple lawsuits over the same issue.[1]
In its decision and judgment entry, the trial court noted that Bricker failed to comply with Civ.R. 53 (E) by timely filing a specific objection and stating the grounds for that objection. Although the trial court noted that it was not persuaded by the merits of Bricker's objection, it explicitly overruled Bricker's objection based upon Bricker's failure to comply with Civ.R. 53 (E). Bricker timely appeals, asserting the following assignment of error:
 The trial court erroneously failed to dismiss the paternity complaint on the basis of res judicata.
 II.
Bricker asserts that the trial court should have sustained his objection to the magistrate's decision and dismissed the complaint on the basis of res judicata. However, a review of the trial court's decision reveals that the trial court overruled Bricker's objection based upon Bricker's failure to comply with Civ.R. 53 (E).
Civ.R. 53 requires an objecting party to file "specific" objections that "state with particularity the grounds of objection" within fourteen days after the magistrate issues his decision. Civ.R. 53 (E) (2). Where an objecting party fails to state an objection with particularity, the trial court may affirm the magistrate's decision without considering the merits of the objection. Cleveland Steel Erectors Corp. v. Stewart (1999),86 Ohio St.3d 578, 580. Moreover, Civ.R. 53 (E) prohibits a party from appealing the trial court's adoption of a magistrate's finding of fact or conclusion of law "unless the party has objected to that finding or conclusion under this rule." Booherv. Honda of America Manufacturing (2000), 88 Ohio St.3d 52, 53-54. However, Civ.R. 53 further provides that, even if no party objects, the court must determine whether there is any error or defect on the face of the magistrate's report. Civ.R. 53 (E) (5). Our standard of review is whether the trial court abused its discretion in approving the magistrate's decision. Arrow ConcreteCo. v. Williams (Mar. 14, 2000), Lawrence App. No. 98CA46, unreported, citing Lewis v. Savoia (Aug. 28, 1996), Summit App. No. CA17614, unreported.
We are mindful of the fact that a trial court should not adopt a magistrate's decision if "it determines that there is an error of law or other defect on the face of the magistrate's decision." Civ.R. 53 (E) (4) (a). However, the court only need recognize such an error if it amounts to an "apparent error." Group OneRealty, Inc. v. Dixie Internatl. Co. (1998), 125 Ohio App.3d 767,769. Here, the magistrate's decision merely indicates that the parties disputed whether the court dismissed Parker's second complaint with or without prejudice. It is not apparent on the face of the decision that the magistrate erred in determining that the previous dismissal was without prejudice. Therefore, the trial court did not abuse its discretion or otherwise err in adopting that portion of the magistrate's decision.
In this case, Bricker failed to file specific objections and state with particularity the grounds for his objections within the fourteen-day period mandated by Civ.R. 53 (E). Additionally, the magistrate's decision in this case does not, on its face, reveal any error or defect. Therefore, the trial court was free to summarily overrule Bricker's objection. We find that the trial court did not abuse its discretion in overruling Bricker's objection based upon Bricker's failure to comply with Civ.R. 53 (E).
Because the trial court did not abuse its discretion in overruling Bricker's objection to the magistrate's decision, we overrule Bricker's sole assignment of error. Accordingly, we affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas, Domestic Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Evans, J.: Concurs in Judgment and Opinion. Abele, J.: Concurs in Judgment Only.
 _______________________________ Roger L. Kline, Presiding Judge
[1] We note that the minor child, Erika Bradford, possesses an independent right to bring a paternity action on her own behalf.Cornell v. Brumfield (1996), 115 Ohio App.3d 259, 263-64.