DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from a judgment of the Huron County Court of Common Pleas, Juvenile Division. The juvenile court found appellee, Alvin F. S., Jr., to be the biological father of Matthew B., born March 22, 1991, and established a legal parent-child relationship between appellee and his son. Appellants, Nicole B., now known as Nicole F., and Matthew B., appeal that judgment and assert the following errors occurred in the proceedings below:
 "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ADOPTING THE MAGISTRATE'S DECISION WHERE THE COMPLAINT WAS BARRED BY RES JUDICATA."
 "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ADOPTING THE MAGISTRATE'S DECISION WHERE THE MAGISTRATE ERRONEOUSLY TOOK JUDICIAL NOTICE OF MATTERS OUTSIDE THE RECORD."
In this appeal, appellants ordered and filed only a partial transcript of the hearing on this matter as held before a magistrate in the trial court. Thus, the facts of this case are, by and large, taken from the record, the trial court's judgment/magistrate's decision and from exhibits admitted into evidence below.
Because both Nicole and Alvin were minors at the time that Matthew was born, Nicole's parents filed a complaint, shortly after Matthew's birth, seeking legal custody of Matthew. In the complaint, Alvin and Nicole were named as defendants and "the parents of said child." In his answer, appellee alleged, in material part:
 "2. For want of knowledge, said defendant denies each and every material allegation of the Complaint not otherwise admitted."
The only allegation in the complaint admitted by Alvin was his place of residence. On May 23, 1991, the juvenile court entered a judgment awarding custody of Matthew to his maternal grandparents. In setting forth its decision on the issue of custody, the court found that Alvin had no objection to the grandparents' complaint and that he asserted "no claim of custody or visitation, having denied the Complaint." At some point after Nicole reached the age of majority, she was awarded legal custody of Matthew.
In October 1995, Alvin filed a request for an administrative determination of parentage. However, the Ohio Department of Human Services Child Support Enforcement Agency ("CSEA"), did not seek to establish paternity until 1999. A complaint, naming both Alvin and the CSEA as plaintiffs and Nicole and Matthew as defendants, was filed in May 1999. In their answer, appellants asserted the affirmative defense of res judicata. Throughout the instant proceedings in the juvenile court appellants insisted that the 1991 custody proceeding barred Alvin from seeking to establish paternity, and the concomitant orders for visitation and support, because he could have, but did not seek, a determination of paternity in that action. Appellants further argued that in finding that Alvin denied the allegations in the 1991 complaint, the trial court determined the issues of paternity, child support and visitation.
The magistrate rejected appellants' affirmative defense of res judicata, finding that parentage of Matthew was not litigated in the 1991 proceeding, that Alvin was not advised of his right to genetic testing or right to pursue a paternity claim and that Alvin was never asked whether he wished to admit or deny that he was the father of Matthew. Based on a court-ordered genetic test result showing a 99.9 percent probability that Alvin is Matthew's father, the magistrate named Alvin Matthew's natural father and established a legal parent-child relationship.
Appellants filed untimely objections to the magistrate's decision on the question of res judicata. Appellants further maintained that the magistrate erred by taking judicial notice of matters in the prior custody case. Appellants claimed that "Pleadings from the prior case were introduced into evidence and there was testimony as to the hearing." However, appellants failed to file a transcript of the hearing in support of their objections. The trial court overruled the objections and adopted the decision of the magistrate as its judgment.
We shall first address appellants' second assignment of error. In that assignment, appellants maintain that the magistrate impermissibly took judicial notice of evidence in the 1991 custody hearing by stating that she was going to listen to a tape recording of that hearing. Appellants argue that the magistrate's Findings of Fact Nos. 6 and 7 are based solely on evidence adduced at that hearing.
The Ohio Rules of Appellate Procedure place the burden upon an appellant to produce and file those parts of the record necessary for the determination of an appeal. App.R. 9(B); RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 197.
Appellants filed only that part of the transcript of the hearing before the magistrate that contains appellants' two cross-examinations of Alvin. The portion of the record necessary to a resolution of the alleged error is not included in that transcript. Therefore, we must presume the regularity of the proceedings below and affirm the judgment of the trial court as to the evidence considered by the magistrate in reaching her decision. Accordingly, appellants' second assignment of error is found not well-taken.
Appellants, in their first assignment of error, contend that Alvin is precluded from litigating the claim/issue of paternity by the doctrine of res judicata. The doctrine of resjudicata encompasses both estoppel by judgment and collateral estoppel. State ex rel Scripps Howard Broadcasting Co. v.Cuyahoga County Court of Common Pleas, Juv. Division (1995),73 Ohio St.3d 19, 24. Estoppel by judgment prevents a party or his or her privy from re-litigating a cause of action that was raised or could have been raised in a prior action arising out of the transaction or occurrence that was the subject matter of the previous action. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. Collateral estoppel prevents parties or their privies from re-litigating facts and issues in a subsequent suit that were fully litigated in a previous suit. Id.
With regard to estoppel by judgment or claim preclusion, appellants contend that Alvin could have, but did not, raise a paternity claim in the 1991 custody proceeding. While Alvin was named as a defendant in the prior custody action, he, as a minor, had no standing to set forth a counterclaim in paternity. See Cornell v. Brumfield (1996), 115 Ohio App.3d 259, 263-264. Furthermore, due to the lack of a record, we must assume that the magistrate/trial court was correct in finding that Alvin was neither informed of his right to genetic tests nor afforded the opportunity to avail himself of such tests. Consequently, he had no real chance to present his claim in 1991 and is not barred from doing so in the present case by the doctrine of estoppel by judgment.
Turning to collateral estoppel, the issue of parentage was not actually and necessarily decided in the 1991 custody proceeding. First, paternity was not an issue in the 1991 proceeding. From what little record is before this court, we can only conclude that the sole issue in that action was a determination of whether it would be in the best interest of Matthew to award legal custody to his maternal grandparents. Second, even though the juvenile court noted in its judgment in the custody case that Alvin denied most of the allegations in the pleadings, the court did not enter an adjudication finding Alvin was not Matthew's natural father based on this denial. Rather, the court found that Alvin denied the allegations in the complaint as relevant to the issues of visitation and custody as they related to the maternal grandparents' cause of action. Thus, the issue of paternity was not actually or necessarily decided in the 1991 action, and appellees are not precluded from raising this issue in the instant case. Appellants' first assignment of error is found not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Huron County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed to appellants.
Peter M. Handwork, J., Richard W. Knepper, P.J.,George M. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.