**BENTLEY, Estate of, In re:**
**BENTLEY, Plaintiff-Appellant, v. BENTLEY et,**
**Defendant-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22187.  Decided September 17, 1951.

Weitz & Weitz, Cleveland, for plaintiff-appellant.
Louis H. Wieber, David A. Christopher, Cleveland, for defendants-appellees.

(DOYLE, J, of the 9th District sitting by designation in place of HURD, J.)

### OPINION
Per CURIAM:
This cause is in this Court on appeal on questions of law

from the decision of the Probate Court of Cuyahoga County overruling a motion to vacate certain orders approving various executor accounts. Appellant, a sister, and one of the beneficiaries under the will of Wm. T. Bentley, deceased, filed her motion and affidavit in the Probate Court seeking to vacate orders previously entered by the Probate Court approving three partial accounts and the final account of the Executors named in the will.

The first partial account, filed on May 9, 1947, had been approved by the Court on June 16, 1947; the second partial account filed on May 17, 1948, was approved June 28, 1948; the third partial account filed on June 16, 1949, was approved August 6, 1949. The final account of the executors was filed on May 23, 1950 and approved July 10, 1950. On October 20, 1950, the motion to vacate the orders approving the four accounts aforesaid was filed in the Probate Court.

In her affidavit supporting the motion to vacate the orders of the Probate Court, appellant alleged that service of notice was had upon her by publication as to the filing of the four accounts and that she had no actual knowledge of the proceedings for the approval of any of the accounts until August 9, 1950.

The rights of the appellant in seeking the vacation of the orders here in question are governed by §10506-40(c) GC.

Appellant testified that she was a non-resident of Ohio and had no knowledge of the filing of any of the accounts prior to August 9, 1950. The testimony of the two witnesses in opposition, namely, one of the executors and an attorney who had represented appellant along with various other heirs in certain phases of the administration of the estate, including an action for a declaratory judgment, was vague and unsatisfactory on the subject of actual notice to appellant. Under the provisions of §10506-40 GC, the knowledge of the proceeding on the part of the party affected means actual knowledge of the filing of the accounts by the party or his duly authorized agent.

After examination of the bill of exceptions setting forth the testimony in the Probate Court, this Court unanimously finds that the judgment of the Probate Court overruling the motion of the appellant, is against the manifest weight of the evidence, and it is, for that reason, reversed.

Judgment reversed and cause remanded. Exc. Order see journal.

SKEEL, PJ, DOYLE, J, THOMPSON, J, concur.