## MARMORSTEIN, Rec. v. SCHUCK.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7957.  Decided Feb. 6, 1928.

**First Publication of this Opinion.**

### Syllabus by Editorial Staff.

**301. CONTRIBUTORY NEGLIGENCE—54. Agency.**

In suit by father, to recover for medical services growing out of injury to minor child, which child was injured while in custody of agent of father, necessary to show contributory negligence on part of agent in order to bar recovery.

### Error to Common Pleas.
### Judgment affirmed.

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Marmorstein, Rec.

Payer, Minshall, Karch & Kerr, Cleveland, for Schuck.

### STATEMENT OF FACTS.

In the court below, Harold Schuck brought a suit against the defendant Marmorstein, receiver of the Walther Apartments, to recover for medical services that he had been compelled to pay for the care and surgical operations upon Beverly Jane Schuck, his infant daughter, who had been injured in an elevator, installed in the Walther Apartments of which Marmorstein was the receiver.

There are two errors alleged why this cause should be reversed. First, they base it upon the statement of Schuck, in the record, that he had put this little girl in the charge and control of his wife, in whose custody she was when this injury took place, basing their claim upon the decision reported in 24 OS. 670, in the case of Bellefontaine Ry. Co. v. Snyder, where the record shows that the father placed a minor child in the custody and control of an older sister, and that the child was injured, in crossing the tracks, through the negligence of the older sister, and it is argued, from this, that the mother was the agent of the father

and the doctrine of respondeat superior applies in the instant case, basing it upon the authority of the 24th OS. supra.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

#### VICKERY, J.

Whether the mother is the agent for the father, in the care and custody of the minor children, one might doubt, and the writer of this opinion doubts it very gravely, but it will not be necessary to decide the present case upon that question. It will be noted, from the 24th OS. supra, that two allegations were necessary; that the child that was injured was in the custody of the agent of the father, and that the father's agent was guilty of negligence. Now let us assume, for the sake of argument, that the custody of Beverly Jane Schuck was in the mother, as agent of the father. Then, in order to come within the rule laid down in the 24th OS., supra, it was necessary for the mother to be guilty of contributory negligence in order to bar the father, the principal, from recovering. We have gone over this record and the record in the Beverly Jane case, and we can see no negligence upon the part of the mother.

The elevator being faultily constructed, as we have held in the Beverly Jane case, the injury resulting through the negligence of the owners of the apartment house, and the father being legally obliged to pay for medical services and attention to his little girl, there being nothing in the record to show that they were unreasonable or were not properly chargeable to the father, we do not see any reason why the father should not recover.

There being no errors in the judgment of the court, it will, therefore, be affirmed.

(Sullivan, PJ. and Levine, J., concur.)