## LOSEY v CREAMER

Ohio Appeals, 4th Dist, Highland Co

Decided May 8, 1933

D. H. Wysong, Dayton, and C. J. Graham, for plaintiff in error.

Pulse & Pulse, Lynchburg, for defendant in error.

## OPINION

By MAUCK, J.

This was an action for personal injuries in which Losey sought to recover from Creamer, charging the latter with so negligently operating his automobile as to result in the plaintiff's injury. The jury by the concurrence of ten of its members found for the defendant. The plaintiff sought to set aside the verdict on the ground of newly discovered evidence and on the further ground of misconduct of the jury. The trial court overruled both motions.

In this proceeding we have no bill of exceptions containing the evidence at the trial but only the evidence taken upon the hearing of the two motions referred to. We cannot disturb the action of the trial court in refusing a new trial on the ground of newly discovered evidence for the reason that in the absence of a bill of exceptions embracing the evidence at the trial the pertinence and value of the newly discovered evidence is not sufficiently apparent to enable us to say that the character of the newly discovered evidence would warrant a new trial.

The other question is on a different footing. It appears that while the trial was in progress three of the jurors, Mr. Cope, Mr. Sellers and Mrs. Murray, accompanied by Mrs. Caldwell, another regular juror who was related to the defendant and for that reason had been rejected as a juror, visited the place where the collision occurred, alighted from their automobile, viewed the place and engaged in some conversation relating to the place and to what had occurred at the time of the collision. That this was misconduct is apparent. It is not such a case as was before the court in **Independent Coal Co. v Quirk, 16 C.C. (N.S.), 571, 26 C.D., 471,** where the record showed that the losing party had no case in any event. In this case the record shows that the trial judge would have sustained a verdict for the plaintiff if one had been returned for him, and that the whole controversy was a closely disputed one of fact depending upon the judgment of the jury.

It is, too, not such a case as **Marmorstein,**

**Rec. v Schuck, an Infant, 29 Oh Ap, 145, 163 NE, 213, (6 Abs 231).** In that case the misconduct of the juror was quite similar to that in the case at bar, but there the offending juror who sought evidence outside the record did not join in the verdict. In that case he was apparently by his own affidavit attempting to destroy the verdict to which he had been opposed in the jury room. The court was able to say in that case that prejudice had not resulted from the juror's misconduct. In this case, on the contrary, the verdict was returned by but ten jurors, and three of those ten, as disclosed by the transcript of journal entries, were the jurors guilty of making the unauthorized view complained of. It cannot be said, therefore, that the record affirmatively shows that no prejudice could have resulted in this case from the unauthorized view taken by the three concurring jurors.

The case is also to be distinguished from those cases where an unauthorized view has been had because a bailiff has taken jurors, without authority, to the premises, for in such case the misconduct is that of the bailiff and there is nothing to indicate that the jurors are seeking illicit light. In the case at bar, however, the misconduct is that of the jurors. On their own motion they conclude that they will view the place of the collision, and on their own motion they do so. Why? Manifestly to satisfy a curiosity aroused by the testimony. They talk. What about? It would strain credulity to the breaking point to believe that they did not discuss the very thing they were most interested in; the thing that induced them to visit the place; the thing that caused them to leave the car—and that was the case itself, and all this in the company of a relative of the successful litigant.

This situation invokes the rule that where the misconduct may have been prejudicial, and it cannot be ascertained that prejudice did not result, prejudice will be presumed. This rule is a salutary one. Verdicts ought not be tainted by wrongdoing where injury may have resulted. In what is admittedly a close case the parties are most especially entitled to a trial above suspicion.

The judgment is reversed and the case remanded to the Court of Common Pleas for a new trial.

Judgment reversed and cause remanded.

BLOSSER, PJ and MIDDLETON, J, concur.