WEIAND, APPELLEE, *v.* CITY OF AKRON ET AL., APPELLANTS.

(No. 6031—Decided February 7, 1968.)

Messrs. *Hershey, Browne, Wilson, Steel & Wolfe,* for appellee.

Mr. *William R. Baird,* director of law, Mr. *Alvin C. Vinopal,* Messrs. *Knowlton, Sanderson, Ragan & Cady* and Mr. *Edward H. Corbett,* for appellants.

HUNSICKER, J. An appeal on questions of law has been lodged in this court from a judgment in favor of the plaintiff, Marilyn J. Weiand (appellee here), entered by the Court of Common Pleas of Summit County.

An operator of a motor truck for the city of Akron, while on duty with the city, struck the rear of a stationary automobile then being operated by Miss Weiand, a minor under 21 years of age, causing her physical injury. The automobile was owned by the father of Miss Weiand.

Thereafter, the insurance carrier for the city of Akron, "Nationwide," had Miss Weiand, and her parents, sign a covenant and indemnity agreement providing for payment of the automobile repairs, and the hospital and doctors' charges for Miss Weiand. Approximately one hundred dollars was paid to Miss Weiand for the medical expenses, before she became 21 years of age.

Shortly after attaining her 21st birthday, she notified the insurance carrier, Nationwide, of additional bills in the amount of approximately forty dollars. A check was sent to Miss Weiand for this amount, which she returned. Just before the return of the check and, perhaps, a day or two before it came into the possession of Miss Weiand, her lawyer notified the city of Akron, and the insurance carrier, that Miss Weiand disaffirmed her previously signed "covenant and indemnity agreement."

This action was then filed in the Court of Common Pleas, where a trial was first had to the court to determine the status of the "covenant and indemnity agreement." The trial court set this agreement aside and determined that Miss Weiand had not, by her acts after arriving at full age, ratified the settlement agreement. A trial on the issue of physical injury was then had, and a judgment in favor of Miss Weiand was returned by the jury. This appeal then ensued, with two claims of error. The appellants say the trial court committed prejudicial error (1) "in setting aside the covenant and indemnity agreement executed by the plaintiff-appellee and permitting the plaintiff to proceed with her alleged cause of action"; and "in the submission of verdict forms to the jury and in its charge relating thereto."

The first assignment of error is the one to which we direct our attention.

The release agreement signed by Miss Weiand, and her parents, was dated December 2, 1963, the date of the accident, at which time she was known to be only 20 years of age. She became 21 years of age on May 26, 1964. On August 17, 1964, she, through her counsel, notified the city of Akron that the release was void. On September 8, 1964,

Miss Weiand, through her counsel, returned a check for $40.59 to Nationwide Insurance Companies. This check represented, in large part, the amount of medical expense Miss Weiand said she incurred some time after her 21st birthday. The request for this payment was made by Miss Weiand to Nationwide some time in August 1964, and before the notification to the city of Akron that she considered the release void.

It is the contention of the city of Akron, through its insurer, that the conduct of Miss Weiand, after she arrived at the age of 21, constituted an affirmance of her release agreement, or, in the alternative, that the attempt to disaffirm the release agreement was, under the circumstances, made an unreasonable length of time after Miss Weiand had arrived at the age of 21.

It is of interest to see the endorsements on checks given by Nationwide in settlement of various of the claims herein. All checks were made out to ''Cletus Weiand, parent and legal guardian of Marilyn Weiand.'' While Mr. Weiand is the natural and legal guardian of the person of his daughter, that does not make him, also, the legal guardian of her property. While he may recover for the loss of the services of his child, and for her medical expenses, yet, damages for injury to her person belong to her personally. We think these rules of law are elementary and require no extended citation of authority. See: 28 Ohio Jurisprudence 2d 587, Infants, Section 42, and authorities there cited; and 41 Ohio Jurisprudence 2d 338, Parent and Child, Section 28.

The rule with respect to the disaffirmance of an infant's contract is stated in *Mestetzko* v. *Elf Motor Co.*, 119 Ohio St. 575, at 576 (third paragraph of the syllabus), as follows:

''Contracts of an infant except those authorized by law, those entered into in performance of a legal duty and for the purchase of necessities are voidable at the election of the infant and may be disaffirmed by him at any time before or within a reasonable time after reaching his majority.''

In *Burlovic* v. *Farmer, Admr.*, 96 Ohio App. 403, at 408 (judgment affirmed, 162 Ohio St. 46), Judge Skeel, speaking for the court, said:

"Generally speaking, the contracts of an infant are not void but voidable. *Lemmon* v. *Beeman*, 45 Ohio St., 505, 15 N. E., 476; *Curtiss* v. *McDougal*, 26 Ohio St., 66. And the right to avoid contractual obligations is exclusively within the power of the infant or one who has the legal right to act in his stead. * * *"

In *Cassella* v. *Liberio*, 150 Ohio St. 27, at 32, the court said that an infant, who has received something of value under a contract which is executory as to him, is bound by the contract if he "retains the thing and does nothing by way of disaffirmance for an *appreciable* length of time after reaching legal age." (Emphasis ours.)

An annotation on the subject being discussed may be found in 5 A. L. R. 2d 20 *et seq.*, Section 9 *et seq.* If there can be any rule deduced from the authorities in Ohio, or other jurisdictions, it is that the reasonableness of the time of disaffirmance must be determined from the facts and circumstances of each particular case.

We believe, under the evidence before us, that a disaffirmance of the contract herein within less than three months after Miss Weiand had arrived at the age of 21 is not unreasonable.

Counsel for Miss Weiand insists that the only way for the insurer, or the city of Akron, to lawfully settle the claim of Miss Weiand is through appropriate court proceedings. He insists that only by the approval of a court of competent jurisdiction can a valid release be entered into between the city of Akron and Miss Weiand. It is not necessary to decide that question, since we conclude herein that the disaffirmance of the contract to settle the damages caused by the physical injury to Miss Weiand was made within a reasonable length of time after she became of full age. The fact that she forwarded additional bills to the insurer for payment, after reaching 21, did not amount to an affirmance of the previously signed settlement agreement.

There is a decided dearth of authorities on the question of what acts amount to the affirmance of a contract under the circumstances herein.

In *Lanning* v. *Brown*, 84 Ohio St. 385, which was a disaffirmance of a transfer of real property, the court indicated that even a long delay in disaffirmance does not always amount to ratification.

It has been held that "where a person of full age promises to perform a contract entered into during his minority, he thereby ratifies the contract, although he does not know at the time of the promise, that by reason of his minority at the time of the contract, he is not legally liable thereon." *Anderson* v. *Soward*, 40 Ohio St. 325.

In 59 A. L. R. 281, the general rule is given that a mere partial payment by a person after coming of age, on a contract made by him during infancy, does not constitute a ratification of the contract. See, also, 28 Ohio Jurisprudence 2d 581, Infants, Section 38; and 5 A. L. R. 137.

We conclude herein that the conduct of Miss Weiand, after reaching full age, did not amount to a ratification of the contract of settlement.

We have examined all claims of the appellants and find no error in this case prejudicial to the substantial rights of the parties. The judgment must be affirmed.

*Judgment affirmed.*

BRENNEMAN, P.J., and DOYLE, J., concur.