WHITEHEAD, A MINOR, APPELLEE, *v.* GENERAL TELEPHONE
CO. OF OHIO, APPELLANT.

[Cite as Whitehead v. Genl. Tel. Co., 20 Ohio St. 2d 108.]

(No. 69-24—Decided December 17, 1969.)

*Messrs. Cruey, Kelb, Duffey & Hewes* and *Mr. George R. Hewes,* for appellee.

*Messrs. Eastman, Stichter, Smith & Bergman, Mr. Jamille G. Jamra* and *Mr. M. Donald Carmin,* for appellant.

HERBERT, J. Appellant argues that this injured minor is estopped to relitigate the identical issues involved in

her parent's derivative action in the Sylvania Municipal Court for loss of services and medical expenses. Thus, this case presents the question whether the defense of collateral estoppel applies to one who was not a party to the prior suit in which the identical issues were determined.

The doctrine of *res judicata* involves two basic concepts. *Norwood* v. *McDonald* (1943), 142 Ohio St. 299, 52 N. E. 2d 67. First, it refers to the effect a judgment in a prior action has in a second action based upon the same cause of action. The Restatement of the Law, Judgments, Section 45, uses the terms "merger" and "bar." If the plaintiff in the prior action is successful, the entire cause of action is "merged" in the judgment. The merger means that a successful plaintiff cannot recover again on the same cause of action, although he may maintain an action to enforce the judgment. If the defendant is successful in the prior action, the plaintiff is "barred" from suing, in a subsequent action, on the same cause of action. The bar aspect of the doctrine of *res judicata* is sometimes called "estoppel by judgment." Restatement of the Law, Judgments, Section 45, comment (b).

The second aspect of the doctrine of *res judicata* is "collateral estoppel." While the merger and bar aspects of *res judicata* have the effect of precluding a plaintiff from relitigating the same cause of action against the same defendant, the collateral estoppel aspect precludes the relitigation, in a second action, of *an issue* that has been actually and necessarily litigated and determined in a prior action which was based on a different cause of action. Restatement of the Law, Judgments, Section 45, comment (c), and Section 68 (2); *Cromwell* v. *County of Sac* (1876), 94 U. S. 351. In short, under the rule of collateral estoppel, even where the cause of action is different in a subsequent suit, a judgment in a prior suit may nevertheless affect the outcome of the second suit.

In the instant case, the single alleged wrong gave rise to two separate and distinct causes of action: an action by the minor for her personal injuries and a derivative action

in favor of the parents of the child for the loss of her services and her medical expenses. *Marmorstein* v. *Schuck* (1928), 29 Ohio App. 229, 163 N. E. 508; *Bagyi* v. *Miller* (1965), 3 Ohio App. 2d 371, 210 N. E. 2d 887; *Travelers Indemnity Co.* v. *Godfrey* (Com. Pleas 1967), 12 Ohio Misc. 143, 230 N. E. 2d 560. See *Clark* v. *Bayer* (1877), 32 Ohio St. 299, 30 Am. Rep. 593; *Weiand* v. *Akron* (1968), 13 Ohio App. 2d 73, 233 N. E. 2d 880. Thus, appellant's defense of *res judicata* was necessarily predicated upon the collateral-estoppel aspect of that doctrine and not on the merger-bar aspect.

Traditionally it has been held that collateral estoppel applies only to situations in which the party seeking to use a prior judgment and the party against whom it is being asserted were both parties in the original action, or were in privity to such parties. Such holdings are based on the requirement that there be mutuality of estoppel. The requirement of mutuality has been lessened, in some jurisdictions, by the expansion of the concept of privity and the creation of explicit exceptions to the rule. Semmel, Collateral Estoppel, Mutuality and Joinder of Parties (1968), 68 Columbia L. Rev. 1457, 1458.

Appellant concedes that Ohio has long recognized that the defenses of *res judicata* or collateral estoppel are operative in a second suit only when there is an identity of issues and an identity of parties or their privies in both the first and the second suit. *Lessee of Lore* v. *Truman* (1859), 10 Ohio St. 45; *Porter* v. *Wagner* (1881), 36 Ohio St. 471; *Norwood* v. *McDonald, supra* (142 Ohio St. 299) ; *Taylor* v. *Monroe* (1952), 158 Ohio St. 266, 109 N. E. 2d 271. Nevertheless, appellant argues that the present case is one where the defense of collateral estoppel should be appropriate, and urges that the definition and use of the word privity adopted by the courts of Ohio thwarts the policies of the doctrine of *res judicata*. Appellant further suggests that this court should define "privity" so as to focus on the relationship of the parties to the subject matter of the litigation, thereby lessening the importance of identity of par-

ties in the first and second actions and elevating the emphasis placed on the subject matter of the litigation and the issues raised thereby. Appellant's position would result in the appellee being precluded or estopped from relitigating the issue of appellant's negligence, even though she was not a party or in privity with parties to the prior action, the sole question being whether her interests were adequately represented therein. The matter of such adequate representation would essentially be a question of whether there was sufficient incentive and opportunity for her parents to adequately litigate the issue in the prior suit in such a manner that the appellee's interests were fully and fairly represented.

Appellant believes that the Ohio cases support this approach, citing *Wright* v. *Shick* (1938), 134 Ohio St. 193, 16 N. E. 2d 321; *Conold* v. *Stern* (1941), 138 Ohio St. 352, 35 N. E. 2d 133; *Schimke* v. *Earley* (1962), 173 Ohio St. 521, 184 N. E. 2d 209; *Gibson* v. *Solomon* (1939), 136 Ohio St. 101, 23 N. E. 2d 996; and *Brinkman* v. *Baltimore & Ohio Rd. Co.* (1960), 111 Ohio App. 317, 172 N. E. 2d 154.

This court has consistently held that for a judgment or decree to be *res judicata*, or to operate as estoppel, there must be an identity of issues and an identity of parties or persons in privity with the parties. We have also held that the term "parties" includes those who are directly interested in the subject matter of a suit, who have a right to make a defense, or who control the proceedings. *Quinn* v. *State, ex rel. Leroy* (1928), 118 Ohio St. 48, 160 N. E. 453. It has often been suggested that a person, although not technically a party to a prior judgment, may nevertheless be connected with it by his interest in the result of that litigation and by his active participation therein, so as to be bound by that judgment. *Quinn* v. *State, supra*, page 53; *State* v. *Cincinnati Tin & Japan Co.* (1902), 66 Ohio St. 182, 64 N. E. 68; Restatement of the Law, Judgments, Sections 83-111. Moreover, "parties in privity," to the extent that they are bound by a final judgment, include those who acquire an interest in the subject matter after the

beginning of the action or the rendition of the final judgment. *Vasu* v. *Kohlers, Inc.* (1945), 145 Ohio St. 321, 61 N. E. 2d 707, overruled on other grounds in *Rush* v. *Maple Heights* (1958), 167 Ohio St. 221, 147 N. E. 2d 599.

While it is true that in the case of *Conold* v. *Stern, supra,* in which the court expanded on the rationale of *Wright* v. *Schick, supra,* there is language which would suggest that there need not be a complete identity of parties or their privies for the doctrine of collateral estoppel to be applicable, in paragraph two of the syllabus the court held that "a point or a fact which was actually and directly in issue in a former action and was there passed upon and determined by a court of competent jurisdiction may not be drawn in question in any future action between the same parties or their privies, whether the cause of action in the two actions be identical or different." The syllabus in the case of *Schimke* v. *Earley, supra,* is in complete accord with this statement and if the opinion in that case suggests otherwise it should be noted that the plaintiff in that case had already had her day in court on identical issues as a party in a prior action. Finally, the cases of *Gibson* v. *Solomon, supra,* and *Brinkman* v. *Baltimore & Ohio Rd. Co., supra,* state the principle that although a litigant is not technically a party to the prior action, if that litigant is a real party in interest in the prior action, the prior judgment may operate as an estoppel. They do not suggest a departure from the rule requiring identity or privity of parties.

Generally, a person is in privity with another if he succeeds to an estate or an interest formerly held by another. *Vasu* v. *Kohlers, Inc., supra.* In the present case, the parent's cause of action for loss of services and medical expenses of the minor child, although derivative, does not arise by way of succession from an estate or interest of the minor child. The interest, as well as any possible recovery, was solely that of the parents. Thus, the minor child and her parents are not in privity.

Moreover, it cannot be said that this child was, in any

sense, a real party in interest in the suit by her parents or had any control over that litigation. "For a record to constitute a bar or *res adjudicata* against one not a party or privy, but who assisted in the prosecution or defense of the action in aid of some interest of his own, the record itself must in some way show such assistance." *State* v. *Cincinnati Tin & Japan Co., supra.*

In our opinion, the existing Ohio requirement that there be an identity of parties or their privies is founded upon the sound principle that all persons are entitled to their day in court. The doctrine of *res judicata* is a necessary judicial development involving considerations of finality and multiplicity, but it should not be permitted to encroach upon fundamental and imperative rights. It is our conclusion that the rule advocated by the appellant could create grave problems in establishing the adequacy of a non-party's representation in the prior suit and that the case at bar is not one which should result in a departure from present Ohio law.

Appellant also argues that the evidence on the issue of its negligence warranted a directed verdict and entry of judgment for it, and that the award of damages was excessive. Our examination of the record in this case convinces us that these arguments are not well taken.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

MATTHIAS, O'NEILL, DUNCAN and CORRIGAN, JJ., concur.

SCHNEIDER, J., concurs in paragraphs one, two and five of the syllabus and in the judgment.

TAFT, C. J., concurs in paragraphs one, two and three of the syllabus, but dissents from paragraph five of the syllabus and from the judgment.