OPINION
Appellant, Western Surety Company, appeals from the judgment of the Geauga County Court of Common Pleas, Probate Division.
In 1986, Robert M. Harrison ("Harrison") was appointed successor trustee of the Winona Hamm testamentary trust for the benefit of Christopher Harrison, Winona Hamm's mentally handicapped son and Harrison's brother. When Harrison was appointed successor trustee, the value of the trust was approximately $65,000. Western Surety Company countersigned a bond in the amount of $130,000, securing the performance of Harrison.
In 1995, the probate court removed Harrison as trustee for failing to file proper accountings and appointed appellee, Patricia Schraff, as successor trustee. By this time, the value of the trust assets had been reduced to approximately $20,000, despite the fact that no distributions were made to Christopher Harrison. Harrison was ordered to file a final accounting. He never complied with this order.
On May 3, 1996, appellee filed a "Motion to Surcharge," citing Harrison's failure to file proper accountings. After a hearing on the motion, the probate court surcharged both Harrison and appellant in the amount of $145,154.68. Appellant's liability was limited to $130,000. Appellant appealed. We reversed the trial court's judgment and entered final judgment in favor of appellant, concluding that there was no evidence that Harrison was negligent in his administration of the trust or that any alleged negligence proximately caused damage to it. See Inthe Matter of: The Testamentary Trust of Winona D. Hamm (Nov. 28, 1997), Geauga App. No. 96-G-2023, unreported 1997 Ohio App. LEXIS 5329; see R.C. 2109.42.
On December 5, 1997, the probate court filed and served a citation on Harrison to appear and file a final account. Harrison failed to appear and file an account.
In 1998, appellee filed a complaint against Harrison for conversion, concealment and embezzlement of the trust assets. Subsequently, appellee filed an amended complaint, joining appellant as a party. Appellant filed a motion to dismiss pursuant to Civ.R. 12(B)(6). The probate court determined that a surety is not a proper party to an action brought pursuant to R.C. 2109.50, et seq. No appeal was taken from this judgment.
In March 1998, the trial court proceeded with a citation hearing. Harrison again failed to appear. Consequently, the probate court found Harrison in contempt, issued a bench warrant for his arrest, and imposed a fine of $250 for each day that he failed to file an account. Harrison appealed. We affirmed the judgment of the trial court and held that the court's action to compel Harrison to file an account is not barred by either res judicata or collateral estoppel, but is, in fact, the court's responsibility. In the Matter of: The Testamentary Trust of Winona D.Hamm (June 25, 1999), Geauga App. No. 98-G-2147, unreported, 1999 Ohio App. LEXIS 2934.
Due to Harrison's failure to file an account, in October 1998, appellee filed a final distributive account for the former trustee covering the period from August 24, 1986. Harrison filed exceptions to appellee's final account. A hearing was scheduled for December 15, 1998 on the account, the exceptions to the account and the concealment complaint.
On November 5, 1998, Harrison filed a motion to dismiss appellee's complaint for failure to state a claim on the grounds of res judicata.The trial court denied Harrison's motion to dismiss.
 Appellant did not appear at the consolidated hearing on the concealmentaction and the final accounting, but he was represented by counsel.Appellee presented evidence demonstrating that Harrison mismanaged thetrust and converted assets.
 On May 11, 1999, the trial court determined that Harrison had embezzledand wrongfully conveyed assets belonging to the trust. Regarding thefinal account, the trial court found that Harrison's liability was$114,614. Additionally, Harrison was fined $49,500 for his failure tofile an account from March 31, 1998 to October 16, 1998. In theconcealment action, the trial court found that Harrison was liable to thetrust for the $114,614, as stated above. Further, the trial courtassessed Harrison $17,450.55 for the prosecution of the concealmentaction and the preparation of the account. Harrison appealed, arguingthat appellee's complaint for conversion, concealment, and embezzlementwas barred by the doctrine of res judicata. We held that Harrison waived the affirmative defense of res judicata by failing to properly assert it in the probate court. In the Matter of: The Testamentary Trust of WinonaD. Hamm (June 25, 1999), Geauga App. No. 98-G-2147, unreported, 1999 Ohio App. LEXIS 2934.
On April 26, 2001, the court sua sponte scheduled a surcharge hearing on the bond. Appellant filed a motion for summary judgment arguing resjudicata. Appellant's motion was denied. On May 30, 2001, appellant filed its notice of appeal from the trial court's denial of its motion for summary judgment. This appeal was designated as Geauga App. No 2001-G-2363.
On May 29, 2001, the consolidated second surcharge hearing was held. The parties stipulated that the probate court could rely on the entire record in Case Nos. 19380 and 98 PC 000084 when ruling on the motion to surcharge.
On May 30, 2001, the same day appellant filed its notice of appeal, appellant was surcharged in the amount of $130,000, which was the amount of its bond. Appellant filed a separate appeal from the surcharge judgment, which was designated Geauga App. No. 2001-G-2366.
Upon motion of appellant, both appeals have been consolidated. Subsequent to the consolidation, appellant filed a motion to supplement the record. We remanded the case to the probate court to clarify the basis for its May 30, 2001 judgment. In September 2001, the probate court filed a judgment entry asserting that appellant's liability was based solely on the evidence contained in Case No. 19380. Appellant's liability was a result of the hearing on the final account and Harrison's failure to comply with the terms of the bond, not the concealment action.
 From this judgment, appellant appealed, raising the following assignments of error:
 "[1.] The Trial Court committed reversible error when it sua sponte denied Western Surety's Motion for Summary Judgment [T.d. 135] where further action against the Western Surety Bond was barred by the res judicata effect of this Court of Appeal's Final judgment in favor of Western Surety dated December 1, 1997. [T.D. 78].
 "[2.] The Trial Court committed reversible error when it again entered a surcharge judgment against Western Surety Bond [T.d. 137] where further action against the Western Surety Bond was barred by the res judicata effect of this Court of Appeal's [sic] Final judgment in favor of Western Surety dated December 1, 1997. [T.D. 78].
 "[3.] The Trial Court committed reversible error when it sua sponte denied Western Surety's Motion for Summary Judgment [T.d. 135] where action against the Western Surety Bond was barred by the applicable one year statute of limitation contained in R.C. 2109.43.
 "[4.] The Trial Court committed reversible error when it again entered a surcharge judgment against the Western Surety Bond [T.d. 137] when it was deprived of jurisdiction as a result of the filing of the Notice of Appeal dated May 30, 2001 [T.d. 1387]."
Appellant's first and second assignments of error are interrelated and will be discussed together. Appellant argues that the second surcharge action was barred by the doctrine of res judicata. In support of this argument, appellant cites to In the Matter of: The Testamentary Trust ofWinona D. Hamm, (Nov. 28, 1997), Geauga App. No. 96-G-2023, unreported, 197 Ohio App. LEXIS 5329.
The doctrine of res judicata involves two concepts: (1) claim preclusion, or estoppel by judgment, and (2) issue preclusion, or collateral estoppel, Krahn v. Kenney (1989), 43 Ohio St.3d 103, 107, citing Whitehead v. General Tel. Co. (1969), 20 Ohio St.2d 108. This case occasions the review and analysis of the collateral estoppel aspect of the doctrine of res judicata.
The collateral estoppel aspect of res judicata "precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action which was based on a different cause of action." Whitehead, supra at 112 (Emphasis sic). However, where a change in the facts has occurred since a decision was rendered, which raises a new material issue or which would have been relevant in the earlier action, the doctrine of res judicata will not bar litigation of that issue in a later action. State ex rel. Westchester v.Bacon (1980), 61 Ohio St.2d 42, paragraph two of the syllabus.
After our earlier decision, a final accounting was filed, evidencedemonstrating that Harrison mismanaged the trust and converted assets waspresented, and the probate court found that appellant had embezzled andwrongfully conveyed assets belonging to the trust. Our previous judgmenton the surcharge action was based solely on Harrison's failure to fileperiodic accountings. The second surcharge action was based on new facts, including the trial analysis of the final accounting filed by appellee and its finding that Harrison had embezzled and wrongfully conveyed assets belonging to the trust. Therefore, appellee did not have a fair opportunity in the prior action to fully litigate and to be heard on the issues underlying the second surcharge hearing. Thus, the doctrine of res judicata did not bar litigation of the new issues in the subsequent action.
Further, the second surcharge action was not barred by the doctrine of law of the case, since we did not previously determine the issues presented in this appeal.
Appellant's first and second assignments of error lack merit.
In appellant's third assignment of error, it argues that the one year statute of limitation set forth in R.C. 2109.43 barred the second surcharge action. Appellant argues that the statute of limitations began to run on May 3, 1996, when appellee filed her motion to surcharge based on Harrison's failure to file accountings. Appellee argues that she did not discover the full amount of the loss to the trust until the probate court ruled on the filing of the final distributive account, in May 2001.
R.C. 2109.43, provides that "[n]o fiduciary shall make any personal use of the funds or property belonging to a trust. For violation of this section, such fiduciary and his bond shall be liable in an action for any loss occasioned by such use * * *." An action brought under R.C. 2109.43
must be "brought not later than one year after the termination of the trust or the discovery of such loss." R.C. 2109.43.
Review of the record reveals that the second surcharge action was brought within one year of the probate court's ruling on the final accounting presented by appellee. We note that Harrison's failure to file an accounting caused the delay in discovering the exact amount of the loss to the trust. The probate court was unable to determine the extent of the loss to the trust until a final accounting had been filed and the exceptions taken thereto had been resolved. Thus, appellant's third assignment of error is without merit.
In appellant's fourth assignment of error, it argues that the trial court lacked jurisdiction to enter a surcharge judgment because appellant's notice of appeal was filed the same day. Appellant argues that a presumption arises that its notice of appeal was filed first in time in relation to the trial court's surcharge judgment. Both documents were date stamped May 30, 2001, however, neither was time stamped. In support of its argument, appellant cites Women's Federal Savings v. Pappadakes
(Feb. 26, 1987), Cuyahoga App. No. 51589, unreported, 1987 WL 7072.
In Pappadakes, the Eighth District Court of Appeals was faced with conflicting principles of law: a presumption of the regularity of the proceedings below and the principle that the law abhors forfeiture. In light of this conflict, the appellate court presumed that the bond was filed prior to the order confirming the sale.
Unlike the court in Pappadakes, we are not faced with conflicting principles of law. Instead, we are guided by the principle that "the law attaches to a judgment of a court of record, regular on its face, a presumption of validity * * *." Reid v. Sacks (1961), 172 Ohio St. 102,102. Thus, we presume that appellant's notice of appeal was filedsubsequent to the trial court's surcharge judgment. This presumption is further supported by the fact that appellant's appeal from the trial court's order denying summary judgment was premature until it actually entered its surcharge judgment; an order denying summary judgment is not a final appealable order. State ex rel. Overmeyer v. Walinski (1966),8 Ohio St.2d 23, 23. Accordingly, appellant's fourth assignment is not well taken.
Based on the foregoing, the judgment of the Geauga County Court of Common Pleas, Probate Division is hereby affirmed.
O'NEILL, P.J., CHRISTLEY, J., concur.