OPINION
{¶ 1} Defendant, Samuel Skipper, was convicted on guilty verdicts returned by a jury of robbery and receiving stolen property. The trial court imposed sentences which together totaled nine years.
 {¶ 2} Skipper filed a timely notice of appeal. In his brief on appeal, Skipper argued that his convictions were *Page 2 
against the manifest weight of the evidence presented at trial and not supported by legally sufficient evidence. We overruled those assignments of error, but we sustained an assignment of error pertaining to the sentences the court had imposed on the rule of State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. We reversed Skipper's sentences and remanded the case for resentencing. State v. Skipper, Montgomery Ap. No. 21239,2006-Ohio-3857.
 {¶ 3} The trial court imposed the same sentences on remand. Skipper filed a timely notice of appeal. He presents three assignments of error.
FIRST ASSIGNMENT OF ERROR
 {¶ 4} "THE JURY VERDICT FINDING APPELLANT GUILTY OF ROBBERY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
SECOND ASSIGNMENT OF ERROR
 {¶ 5} "THE JURY'S VERDICT FINDING APPELLANT GUILTY OF ROBBERY IS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE."
THIRD ASSIGNMENT OF ERROR
 {¶ 6} "APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 7} Whether Skipper's convictions were against the manifest weight of the evidence or not supported by legally sufficient evidence are points of law that were directly in *Page 3 
issue and decided by us in Skipper's prior appeal. Therefore, the doctrine of res judicata precludes Skipper's reliance on them in this appeal. Whitehead v. General Telephone Co. (1969), 20 Ohio St.2d 108;Grava v. Parkman (1995), 73 Ohio St.3d 379.
 {¶ 8} Skipper's ineffective assistance of counsel claim was not raised in his prior appeal. Therefore, it is not barred by res judicata.State v. Cooperrider (1983), 4 Ohio St.3d 226. However, because that claim is predicated on alleged facts outside the record of Skipper's trial proceeding, his sole avenue of relief on his claim is an R.C.2953.21 petition for post-conviction relief. Id; State v. Wells, Greene App. No. 2002-CA-100, 2003-Ohio-2394.
 {¶ 9} The assignments of error are overruled. The judgment from which the appeal is taken will be affirmed.
WOLFF, P.J. And GLASSER, J., concur.
(Hon. George M. Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1