OPINION *Page 2 
{¶ 1} Defendants-appellants Larry N. Martin and Alice F. Martin appeal the June 12, 2008 Judgment Entry of the Stark County Court of Common Pleas in favor of Plaintiff-appellee Carrie M. Tabler.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 7, 2006, Appellee loaned $54,000 to Appellants Larry Martin and Alice Martin, her niece. Appellants used the loaned money to purchase some real property. The loan was secured by a promissory note. The note provided the loan was interest-free and payment in a lump sum was due within ninety days of execution of the same. Appellants did not repay the loan within the time set forth in the note.
 {¶ 3} On July 18, 2006, Appellee loaned Appellants an additional $104,000, which loan was again secured by a promissory note. In order to fund the loan, Appellee withdrew the funds from an annuity, incurring a $4,000 penalty. Appellants repaid $100,000 of the loan but did not reimburse Appellant for the $4,000 penalty fee.
 {¶ 4} On February 1, 2007, Appellant filed a claim in the Canton Municipal Court for $4,000, the amount of the fee incurred due to withdrawal of the $100,000 loan. The municipal court found the $100,000 loan had been satisfied by the repayment of $100,000, coupled with Appellee's notation on the promissory note indicating the note had been "cancelled." Via Judgment Entry of April 16, 2007, the Canton Municipal Court dismissed the claim.
 {¶ 5} At the time Appellee filed her claim in the municipal court, Appellants were in default on the June 7, 2006, $54,000 loan. *Page 3 
 {¶ 6} On February 8, 2008, Appellee filed a complaint in the Stark County Court of Common Pleas for the money owed on both loans. On April 4, 2008, Appellee filed an amended complaint stating a cause of action for money owed on the $54,000 loan only.
 {¶ 7} Appellants alleged in their defenses and at trial Appellee's claim was barred by the doctrines of res judicata and collateral estoppel.
 {¶ 8} On May 22, 2008, the trial court magistrate entered judgment on the amended complaint in favor of Appellee. Appellants filed objections to the magistrate's decision. Via Judgment Entry of June 12, 2008, the trial court overruled the objections and entered final judgment in favor of Appellee.
 {¶ 9} Appellants now appeal, assigning as error:
 {¶ 10} "I. THE TRIAL COURT ERRED WHEN IT ADOPTED THE REPORT OF THE MAGISTRATE ON MAY 22, 2008, INSTEAD OF ENTERING JUDGMENT IN FAVOR OF DEFENDANTS/APPELLANTS.
 {¶ 11} "II. THE TRIAL COURT ERRED WHEN IT DENIED THE OBJECTIONS TO THE MAGISTRATE'S DECISION ON JUNE 12, 2008, INSTEAD OF ENTERING JUDGMENT IN FAVOR OF DEFENDANTS/APPELLANTS."
 I, II {¶ 12} Both of the assigned errors raise common and interrelated issues; therefore, we will address the arguments together. Appellants argue Appellee's amended complaint is barred by the doctrine of res judicata. Specifically, Appellants maintain the $54,000 loan and the $100,000 loan were both used for the purchase of the same parcel of real property. Therefore, Appellants conclude the loans arise out of *Page 4 
a common nucleus of facts forming a series of transactions. As such, Appellants assert the instant complaint is barred by application of res judicata because the $54,000 loan was in default at the time of the first litigation.
 {¶ 13} The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel). Grava v. Parkman (1995),73 Ohio St.3d 379; See Whitehead v. Gen. Tel. Co. (1969),20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10; Krahn v. Kinney (1989),43 Ohio St.3d 103, 107, 538 N.E.2d 1058, 1062; 46 American Jurisprudence 2d (1994) 780, Judgments, Section 516. Under the doctrine of res judicata, "`[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'"State ex rel. Denton v. Bedinghaus, 98 Ohio St.3d 298, 301,2003-Ohio-861, 784 N.E.2d 99, quoting Grava v. Parkman Twp.,73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226, syllabus. Thus, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action.
 {¶ 14} Section 24(1) of the Restatement of Judgments, supra, at 196, provides: "When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar * * *, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." See, also, 46 American Jurisprudence 2d, supra, at Sections 516 and 533. Comment b to *Page 5 
Section 24 of the Restatement of Judgments, supra, at 198-199, defines a "transaction" as a "common nucleus of operative facts."
 {¶ 15} Appellants have not demonstrated the June 7, 2006 loan and the July 18, 2006 loan arise from the same transaction. Appellee testified she did not know the purpose of the loans. While Appellants' intent may have been to fund the same real estate transaction, Appellants did not demonstrate the separate transactions between the parties arose from a common nucleus of operative fact. Though the use of the loans and their purpose may have been related, we find each loan was a separate transaction separated in time and evidenced by the execution of separate promissory notes.
 {¶ 16} We further note that res judicata is not a shield to protect the blameworthy. Davis v. Walmart, Inc. 93 Ohio St.3d 488. "The doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time, but rather a rule of fundamental and substantial justice, or public policy and of private peace. The doctrine may be said to adhere in legal systems as a rule of justice. Hence, the position has been taken that the doctrine of res judicata is to be applied in particular situations as fairness and justice require, and that it is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice." Grava, 73 Ohio St.3d at 386,653 N.E.2d at 232 (Douglas, J., dissenting), quoting 46 American Jurisprudence 2d (1994) 786-787, Judgments, Section 522.
 {¶ 17} Based on the above, the trial court did not err in finding the action sub judice was not barred by the doctrine of res judicata. *Page 6 
 {¶ 18} The June 12, 2008 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Edwards, J. and Delaney, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment entry of the Stark County Court of Common Pleas is affirmed. Costs to Appellants. *Page 1