OPINION
{¶ 1} Defendant-appellant Yolanda J. Jenkins (hereinafter "Yolanda") appeals a decision of the Miami County Court of Common Pleas which overruled her motion to set aside judgment pursuant to Civ. R. 60(B) in an entry filed on November 17, 2008. Yolanda filed a timely notice of appeal with this Court on December 12, 2008. *Page 2 
 I {¶ 2} Plaintiff-appellee Earhart Petroleum, Inc. (hereinafter "Earhart") initially filed a complaint against four defendants, including Yolanda and her husband, Andre F. Jenkins (hereinafter "Andre") on November 21, 2007. According to the complaint, Yolanda was personally liable for a debt of $149,667.93. Although she repeatedly claims in her merit brief that she never received the complaint, the record reflects that Yolanda personally signed for a certified copy of the complaint on November 27, 2007. Yolanda also personally signed for a copy of the complaint on behalf of her husband on the same date.
 {¶ 3} Neither Yolanda nor any of the other defendants filed an answer to Earhart's complaint. On January 3, 2008, Earhart filed a motion for default judgment. On the same day that the motion was filed, the trial court granted Earhart a default judgment against Yolanda, as well as the remaining three defendants, in the amount of $149,667.93, plus interest and court costs.
 {¶ 4} Between February 7, 2008, and March 10, 2008, Earhart unsuccessfully pursued various means in an effort to recoup the monies owed by the appellants, including Yolanda, by virtue of the default judgment. On March 17, 2008, counsel for Yolanda and Andre filed a Civ. R. 60(B) motion to set aside the default judgment. The trial court overruled the motion in a written decision on April 17, 2008. Yolanda did not appeal the trial court's decision.
 {¶ 5} On October 24, 2008, however, Yolanda filed a second Civ. R. 60(B) motion to set aside the default judgment. The trial court overruled Yolanda's motion to set aside the *Page 3 
default judgment finding that the motion was barred by the doctrine of res judicata, insofar as the second motion raised essentially the same arguments as the first Civ. R. 60(B) motion filed on March 17, 2008.
 {¶ 6} It is from this judgment that Yolanda now appeals.
 II {¶ 7} Yolanda's sole assignment of error is as follows:
 {¶ 8} "THE TRIAL COURT ERRED IN AWARDING A DEFAULT JUDGMENT WITHOUT FIRST CONDUCTING A HEARING ON APPELLANT'S MOTION TO SET ASIDE JUDGMENT."
 {¶ 9} In her sole assignment, Yolanda argues that the trial court abused its discretion when it failed to conduct a hearing regarding her second Civ. R. 60(B) motion to set aside the default judgment filed on October 24, 2008. Yolanda alleges that her husband, Andre, acted on her behalf without her knowledge or consent when he, acting pro se, filed the first Civ. R. 60(B) motion to set aside the default judgment on March 17, 2008. Yolanda argues that "she did not realize the necessity of requesting to have the initial motion stricken from the record since she did not know of its existence." Thus, Yolanda requests that we reverse the order of the trial court that overruled the second motion to set aside the default judgment filed on October 24, 2008, and order the court to hold a hearing on said motion.
 {¶ 10} Initially, it should be noted that the uncontroverted evidence in the record indicates that Yolanda personally signed for and received the summons and complaint in the instant case. Thus, Yolanda's assertion that she never received service of the complaint is *Page 4 
completely undermined by the existence of two certified mail receipts which establish that she not only personally signed for a certified copy of the complaint on November 27, 2007, but also personally signed for a copy of the complaint on behalf of her husband on the same date.
 {¶ 11} Additionally, Yolanda's assertion that the first Civ. R. 60(B) motion was filed on her behalf without her knowledge or consent by her husband, Andre, is not supported by the record. A cursory review of the first Civ. R. 60(B) motion filed on March 17, 2008, reveals that the motion was filed by Yolanda's attorney at the time on her and her husband's behalf. Nowhere in the motion is it stated that Andre filed the motion pro se on behalf of himself and Yolanda. It is worthy to note that Yolanda's attorney also filed a motion to stay execution of the default judgment pending the resolution of the Civ. R. 60(B) motion also on March 17, 2008. Thus, we find Yolanda's assertion that the March 17, 2008, Civ. R. 60(B) motion was filed pro se by her husband without her knowledge and consent to be in conflict with the facts as demonstrated by the record.
 {¶ 12} Most importantly, however, Yolanda did not appeal the decision of the trial court, issued on April 17, 2008, which overruled the Civ. R. 60(B) motion filed on March 17, 2008. Instead, Yolanda waited over six months, and on October 24, 2008, filed a second Civ. R. 60(B) motion to set aside the default judgment. In its written decision overruling the Civ. R. 60(B) motion, the trial court specifically stated that "Yolanda Jenkins October 24, 2008 Motion to Set Aside Judgment raises the same issues as her Motion filed on March 17, 2008. The motion is barred under the doctrine of res judicata."
 {¶ 13} "The doctrine of res judicata involves both claim preclusion (historically called *Page 5 
estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel). See Whitehead v. Gen. Tel. Co. (1969),20 Ohio St.2d 108; Krahn v. Kinney (1989), 43 Ohio St.3d 103, 107; * * *."Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 1995-Ohio-331. "The doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." Norwood v.McDonald (1943), 142 Ohio St. 299.
 {¶ 14} As previously stated, the record establishes that Yolanda was or should have been aware of the Civ. R. 60(B) motion filed on her behalf by her attorney at that stage in the litigation. The onus was, therefore, on Yolanda to file a timely notice of appeal of the trial court's decision which overruled her Civ. R. 60(B) motion on April 17, 2008, within thirty days pursuant to App. R. 4. Yolanda, however, did not appeal the court's decision and, therefore, waived her right to dispute any issues regarding that decision. Thus, the trial court correctly concluded in its decision rendered on November 17, 2008, that Yolanda was not entitled to a hearing on her Civ. R. 60(B) motion since she was precluded from filing a second motion under the doctrine of res judicata.
 {¶ 15} Yolanda's sole assignment of error is overruled.
 III {¶ 16} Yolanda's sole assignment having been overruled, the judgment of the trial court is affirmed. *Page 6 
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Jonathan S. Zweizig Cheryl R. Washington Hon. Jeffrey M. Welbaum *Page 1