[Cite as *Brothers v. Century Container Corp.*, 2011-Ohio-1176.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JILL BROTHERS, | ) | |
| | ) | CASE NO.    10 CO 3 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| CENTURY CONTAINER CORP., et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas Court, Case No. 09CV134.

JUDGMENT:      Affirmed in part; Remanded in part.

APPEARANCES:

For Plaintiff-Appellee:      Attorney David Barbee
Attorney Robert Herberger
Attorney Joseph Bishara
Attorney Elizabeth Farbman
100 Federal Plaza East, Suite 600
Youngstown, Ohio  44503

For Defendants-Appellants:      Attorney Charles Dunlap
3855 Starr Centre Drive, Suite A
Canfield, Ohio  44406

Attorney C. Scott Lanz
201 E. Commerce Street
Atrium Level Two
Youngstown, Ohio  44503

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  March 9, 2011

VUKOVICH, J.

¶{1} Defendant-appellant Don Brothers appeals the decision of the Columbiana County Common Pleas Court, which ruled against him on the motion to show cause for contempt filed by his daughter, plaintiff-appellee Jill Brothers. She urged that appellant was violating the court's prior judgment, which had interpreted a settlement agreement, by refusing to pay the $34,000 annual premium for a life insurance policy he was ordered to maintain. Appellant countered that it would not cost $34,000 per year to maintain the policy.

¶{2} The court ruled that appellant was violating its prior judgment entry, which obligated him to pay annual insurance premiums of $34,000 until he turned 80 years of age, stating that he could not satisfy this obligation out of the cash value of the policy. The court noted that this would ensure the policy lasted in perpetuity.

¶{3} On appeal, appellant argues that the court interpreted the settlement agreement beyond its four corners because he should only be obligated to pay the amount of premiums that were necessary to keep the insurance policy in effect until he turned 80, which he claimed was approximately $5,800 per year. He also states that the court should not have added perpetuity language to its prior order.

¶{4} For the following reasons, the judgment of the trial court is upheld in main part as appellant previously had been held to be liable under a settlement agreement to pay $34,000 per year until he turns 80 years old. However, in order to avoid confusion, the trial court's judgment is ordered to be modified to eliminate the extraneous wording surrounding the phrase, "the insurance policy was to be maintained in perpetuity".

STATEMENT OF THE CASE

¶{5} Appellee is the minority shareholder and appellant is the majority shareholder of three corporations: Century Industries Corp., Century Container Corp., and Century Consultants, Inc. On February 5, 2009, appellee filed a complaint against appellant for declaratory relief and for an injunction in order to enforce a shareholder agreement.

¶{6} On April 19, 2009, the parties filed a joint notice of settlement. Appellant had previously set up an irrevocable trust with appellee as the beneficiary. The trust's

main asset was a life insurance policy. The parties' settlement stated in pertinent part that appellant, who was seventy-one years old at the time, would "maintain life insurance trust until age 80."

¶{7} When a dispute arose as to appellant's obligation under the agreement to maintain the life insurance policy, appellee filed a motion to enforce the settlement agreement. A hearing was held in July of 2009 where it was explained that the insurance policy was guaranteed to pay $2,000,000 as long as annual premiums of approximately $34,000 were submitted separately from any cash value distributions and were continued to be paid annually until appellant turned 80. Appellant had paid these $34,000 annual premiums in the past. (Tr. 43); Plaintiff's Exhibit No. 22.

¶{8} On July 21, 2009, the court dismissed the case as being settled and enforced the settlement agreement in pertinent part as follows:

¶{9} "Defendant is to maintain the life insurance trust for the benefit of the plaintiff and her heirs in the amount of two million dollars on the life of the defendant until he turns 80. It was the intent of the parties that the amount of the insurance should remain two million dollars and that the defendant was to pay any premiums in whatever manner to maintain the policy in the amount of two million dollars. (See Exhibits 3 & 4 and the appendix of 3 & 4). It was not in the contemplation of the parties that the amount of the insurance should drop below two million dollars. The cash value of the policy is paying part of that premium but an additional $34,000 premium will have to be paid each year by the defendant to keep that policy in effect at two million dollars. Defendant is to sign a cognovit note to secure payment of these life insurance premiums." (07/21/09 J.E. ¶10).

¶{10} Appellant did not appeal from this judgment. Thereafter, appellee filed a motion to show cause for failure to comply with the court's July 21, 2009 order. Appellee claimed that appellant was refusing to pay the $34,000 annual premium needed to be paid until appellant turned 80 in order maintain the $2,000,000 guarantee perpetually. Appellant responded that the $2,000,000 guarantee would last until he was 80 if he merely paid $5,800 per year in premiums until he turned 80.

¶{11} A hearing was held on December 11, 2009. In attempting to show that he was not in contempt of the court's order, appellant presented evidence that only

$5,800 needs to be paid each year for the $2,000,000 policy to remain in effect until age 80. As appellee pointed out, the judgment required appellant to pay annual premiums of $34,000 until age 80, and this would result in the policy continuing in perpetuity after age 80. (Tr. 53-55).

¶{12} The court announced that its order was clear that appellant was required to pay $34,000 per year in premiums and thus its intent was for the $2,000,000 guarantee to extend past age 80. (Tr. 56). The court's December 11, 2009 judgment entry thus stated following:

¶{13} "This Court's Findings of Fact issued July 21, 2009, clearly indicate that the Court intended that Don R. Brothers maintain the Two Million Dollar ($2,000,000) life insurance policy until he turns age eighty (80) for the benefit of the Trust, and that to do so he would have to pay annually, until he turns eighty (80), the Thirty-four Thousand Dollar ($34,000) premium.

¶{14} "The Findings of Fact used the following phrase: '* * * but an additional thirty-four thousand dollar premium will have to paid each year by the Defendant to keep that policy in effect at Two Million Dollars ($2,000,000).' It also uses the language that the Defendant is to sign a cognovits note to secure payment of 'these life insurance premiums.'

¶{15} "While the Court can appreciate that there could be a different interpretation of this language, the Court's intent seems clear that the insurance policy was to be maintained in perpetuity, and that the Court's finding was that it took Thirty-four Thousand Dollars ($34,000) per year to do that."

¶{16} The Court then ordered appellant to pay the $34,000 insurance premium by December 28, 2009 and each year thereafter until he turns 80 and to sign cognovit notes to secure future payment of these premiums. Appellant filed timely notice of appeal from this entry.

<u>ASSIGNMENT OF ERROR</u>

¶{17} Appellant's sole assignment of error provides:

¶{18} "THE COURT ERRED RULING THAT DON R. BROTHERS HAS TO PAY $34,000 PER YEAR TO MAINTAIN A $2 MILLION LIFE INSURANCE POLICY IN PERPETUITY."

¶{19} First, appellant argues that the language of the settlement agreement obligating him to "maintain life insurance trust until age 80," was unambiguous and that the court rewrote the agreement by requiring appellant to pay $34,000 in annual premiums until age 80 which would end up allowing the policy to exist beyond age 80.

¶{20} However, the instant appeal concerns whether or not appellant is in contempt of the court's July 21, 2009 order. That order involved the interpretation of the April 2009 settlement agreement which imposed an obligation upon appellant to pay $34,000 per year (without using cash value distributions) until age 80 in order to maintain a life insurance policy. Appellant did not appeal that entry.

¶{21} Contrary to a suggestion appellant presented at oral argument, the propriety of the court's interpretation of the settlement agreement was not the subject of the court hearing. Rather, the hearing was scheduled as a result of a show cause motion filed by *appellee*. The purpose of the hearing was to set forth what that prior court order stated and to present evidence on the issue of whether appellant was in contempt of that prior order. There were various sub-issues raised, such as cognovit notes, vehicle titles, personalty, a criminal case, dental insurance, and business expenses. (Tr. 5).

¶{22} Of those issues, the only one relevant to this appeal was the one involving whether appellant was going to satisfy his court-ordered obligation to pay the $34,000 annual premium due before the end of the year. Appellant presented a few pages of substantive evidence to argue that he was not in contempt of the court's order because his payment of less than $34,000 would satisfy his court-ordered obligation to maintain the policy at $2,000,000.

¶{23} He presented his own testimony that he would not pay $34,000 per year but instead would pay only the amount determined due by the trustee and his accountant. In two pages of testimony each, the trustee and an insurance agent (unrelated to the policy) testified that approximately $5,800 per year in premiums would maintain the $2,000,000 life insurance policy until age 80. This filled in the blanks of appellant's testimony as to what he was being advised to pay each year and thus what he would pay each year. The combination of this testimony showed that appellant was contemplating engaging in contempt by failing to pay what the court had

previously ordered him to pay. That it simultaneously may have been an attempt to reargue the propriety of the court's prior order does not mean appellant was permitted to relitigate the prior interpretation of the settlement agreement.

¶{24} The court thus found that the payment option appellant was contemplating would not fulfill his obligation under the prior judgment entry, which specifically stated $34,000 per year was to be paid until age 80. The words and language used in that prior judgment are free of ambiguity and doubt and express appellant's obligation clearly and plainly. See, e.g., *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 246; *In the Matter of Blake* (Dec. 11, 1986), 7th Dist. No. 85-J-36. The court found that its prior language was clear but gave appellant the benefit of the doubt by allowing him to presently comply by making the premium payment instead of punishing him for contempt. (Tr. 56-57).

¶{25} In any event, appellant does not argue that the court erred in interpreting its prior judgment or in factually finding him to be in contempt of the requirements of that judgment. Rather, his argument here is that the prior judgment improperly expanded upon the settlement agreement by inserting monetary amounts.

¶{26} Because appellant did not appeal the July order, he cannot now relitigate the propriety of ordering $34,000 annual premiums to be paid. See, e.g., *Shoemaker v. First Nat'l Bank of Ottawa* (1981), 61 Ohio St.3d 304, 313-314; *Whitehead v. General Tel. Co.* (1969), 20 Ohio St.2d 108, 112. Similarly, he cannot argue that the settlement agreement did not provide for $2,000,000 in death benefits. The court previously interpreted the contractual term "maintain" to mean that appellant should *continue* to pay the $34,000 annual premium which, if paid until age 80, would act to keep the $2,000,000 death benefit in effect. As this contract interpretation decision was not appealed at the time it was made, it cannot be argued on appeal at this time. See id.

¶{27} Regardless, it was a proper decision in the first place as the parties' use of the word "maintain" contemplates payment of the same premium as had been paid in the past. The fact that it would result in the policy lasting past age 80 is merely the effect of the payments.

**¶{28}** Appellant's brief presents a second argument that essentially states that the court's December order changed the effect of or "amended" the July order because the court "added" the language about perpetuity. However, the court's perpetuity language is basically a statement clarifying the effect of the judgment rather than an order for appellant to perform an additional act. As appellant conceded at oral argument, the court clearly did not order appellant to pay premiums in perpetuity. Rather, the court re-ordered appellant to pay $34,000 per year in premiums, as he had been doing, until he turned 80, which could have the effect of allowing a "perpetual" life insurance policy. Notably, the perpetuity language was derived from language used by both parties' attorneys in arguments and in questioning of the witnesses. (Tr. 38-39, 53).

**¶{29}** In other words, appellant's obligation to pay annual premiums in the amount of $34,000 was clearly expressed in the July 21, 2009 order, which was not appealed. Language in the later order stating that "the insurance policy was to be maintained in perpetuity" and that it would take $34,000 per year until age 80 to do that is merely an expression of what the order to pay $34,000 per year could potentially accomplish.

**¶{30}** Still, appellant's only court-ordered obligation under the July 21, 2009 judgment entry is to pay $34,000 per year in premiums until he turns 80. Under no reasonable interpretation of the judgment being enforced did the court impose an alternate obligation that, for instance, if this amount did not accomplish the purpose of perpetual funding, then another amount had to be paid. See, e.g., *Contos v. Monroe Cty.*, 7th Dist. No. 04MO3, 2004-Ohio-6380, ¶15 (only ambiguous if subject to more than one reasonable interpretation). Because there is a chance that even the court-ordered payments may not result in perpetual[1] funding, we hereby order the trial court to eliminate the whole paragraph containing the perpetuity language in the December 11, 2009 judgment entry.

---

[1]The use of perpetuity refers to the potential to maintain the $2,000,000 guarantee. For example, there was testimony that the coverage could last until appellant turned 110 years of age. In addition, there was testimony that even after appellant has paid the court-ordered premiums until age 80, the beneficiary may need to pay some other annual premium to maintain the guarantee, and the beneficiary expressed no problem with this eventuality.

**¶{31}** For the foregoing reasons, the judgment of the trial court is hereby affirmed in part and remanded in part.

Donofrio, J., concurs.
DeGenaro, J., concurs.