**MILLER, Appellant,**

v.

**POND et al., Appellee.**

[Cite as *Miller v. Pond,* 171 Ohio App.3d 347, 2007-Ohio-2084.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2006–CA–00046.

Decided April 30, 2007.

Brian J. Williams, for appellant.

Hope S. Konovsky, for appellee.

———————

Gwin, Presiding Judge.

{¶ 1} Plaintiff Donna Miller appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendants Donald Pond in his capacity as director of the Stark County Department of Job and Family Services and Jane Vignos, Gayle Jackson, and Richard Regula in their official capacities as Stark County commissioners. Appellant assigns a single error to the trial court:

{¶ 2} "I. The trial court committed reversible error by granting summary judgment and dismissing plaintiff's complaint."

{¶ 3} Appellant was terminated from her job duties with the Stark County Department of Job and Family Services in January, 2004, after some 20 years of employment. Appellant challenged her termination by a grievance through her union, and the arbitrator found in favor of appellees. No one appealed the arbitrator's decision. Subsequently, appellant filed her complaint alleging a violation of the Family Medical Leave Act ("FMLA") and R.C. 4112.02 and 4112.99, Ohio's Civil Rights and Employment Statute.

{¶ 4} Appellees argued that appellant's termination was for gross misconduct in the performance of her job duties. Appellant argued that any problems she experienced with her work were due to absences when she was on leave for illnesses of herself and her husband. She also alleged that she was the victim of disability discrimination.

{¶ 5} Appellees first moved for dismissal of the complaint pursuant to Civ. R. 12(B)(6). The court converted the matter to summary judgment and ultimately found that res judicata barred appellant's FMLA claim and found that appellant had failed to plead any facts or produce any evidence on her disability-discrimination claim.

{¶ 6} Civ. R. 56 states:

{¶ 7} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the

evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

{¶ 8} A trial court should not enter a summary judgment if it appears that a material fact is genuinely disputed or if, construing the allegations in favor of the nonmoving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 21 O.O.3d 267, 424 N.E.2d 311. The court may not resolve ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning–Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 15 OBR 448, 474 N.E.2d 271. A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App.3d 301, 733 N.E.2d 1186.

{¶ 9} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212. This means that we review the matter de novo. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 586 N.E.2d 1121.

{¶ 10} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. Once the moving party meets its initial burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating that a genuine issue of material fact does exist. Id. The nonmoving party may not rest upon the allegations and denials in the pleadings but instead must submit some evidentiary material showing a genuine dispute over material facts. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 600 N.E.2d 791.

## The FMLA Claim

{¶ 11} The trial court found that appellant's claim for violation of the FMLA was barred by the doctrine of res judicata. The Eleventh District Court of Appeals explained the doctrine of res judicata in *In re Testamentary Trust of Hamm,* Geauga App. Nos. 2001–G–2363 and 2001–G–2366, 2002-Ohio-2106, 2002 WL 819154, ¶ 22: "The doctrine of res judicata involves two concepts: (1) claim preclusion, or estoppel by judgment, and (2) issue preclusion, or collateral estoppel, *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 107, 538 N.E.2d 1058, citing

*Whitehead v. General Tel. Co.* (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10. * * * The collateral estoppel aspect of res judicata 'precludes the relitigation, in a second action, of *an issue* that has been actually and necessarily litigated and determined in a prior action which was based on a different cause of action.' *Whitehead, supra* at 112, 49 O.O.2d 435, 254 N.E.2d 10 (Emphasis sic)."

{¶ 12} The trial court found that the collective-bargaining agreement ("CBA") did not require that appellant bring her FMLA claim through the grievance procedure, and the parties concede this fact. Article 7, Section 7.6 of the CBA provides that a party may question the arbitrability of any claim, but appellant did not do so. The court found that appellant submitted it as her defense throughout the grievance process. The court concluded that appellant waived any right to the judicial forum on this claim when she submitted the matter to binding arbitration.

{¶ 13} The FMLA, 29 U.S.Code 2601 et seq., provides that an employer may not retaliate against an employee who exercises the right to extended medical leave as described in the statute. Section 2651 provides:

{¶ 14} "(a) Federal and State Antidiscrimination Laws. Nothing in this Act or any amendment made by this Act shall be construed to modify or affect any Federal or State law prohibiting discrimination on the basis of race, religion, color, national origin, sex, age, or disability.

{¶ 15} "(b) State and Local Laws. Nothing in this Act or any amendment made by this Act shall be construed to supersede any provision of any State or local law that provides greater family or medical leave rights than the rights established under this Act or any amendment made by this Act."

{¶ 16} Section 2652 provides:

{¶ 17} "(a) More Protective. Nothing in this Act or any amendment made by this Act shall be construed to diminish the obligation of an employer to comply with any collective bargaining agreement or any employment benefit program or plan that provides greater family or medical leave rights to employees than the rights established under this Act or any amendment made by this Act.

{¶ 18} "(b) Less Protective. The rights established for employees under this Act or any amendment made by this Act shall not be diminished by any collective bargaining agreement or any employment benefit program or plan."

{¶ 19} In *Gilmer v. Interstate/Johnson Lane Corp.* (1991), 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26, the United States Supreme Court found that statutory claims can be made the exclusive subject of arbitration agreements when a person waives his or her right to a judicial forum and agrees to arbitrate the statutory claim.

{¶ 20} In the case at bar, Article 7, Section 7.2 of the CBA provides that the grievance procedure may not be used to address matters not covered by the agreement. Section 7.5 provides that the arbitrator must limit the decision strictly to the interpretation, application, or enforcement of the specific articles and sections of the agreement. Article 3 of the CBA contains a nondiscrimination clause, which states that the contract provisions shall be applied without discrimination as to age, sex, marital status, race, creed, national origin, or any disability that does not prevent the employee's ability to perform the substantive duties of the position with or without reasonable accommodation. Article 23 provides for general leaves of absence, and Article 26 outlines disability leave without pay, but neither refers to the FMLA. We conclude that the CBA prohibits arbitration of appellant's FMLA claims.

{¶ 21} Furthermore, appellant's grievance cited only the CBA, and did not refer to the FMLA. We find that the trial court was incorrect in finding that appellant had agreed to be bound by the arbitrator's decision when she raised the FMLA before the arbitrator. The arbitrator's decision is not res judicata on the issue.

{¶ 22} Additionally, appellant is not collaterally estopped from bringing suit for a violation of the FMLA even though the arbitration dealt with the same facts and the same parties. In *McDonald v. W. Branch, Michigan* (1984), 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302, the United States Supreme Court explained that Congress intended statutes like the Fair Labor Standards Act and the Civil Rights Act to be judicially enforceable and that arbitration cannot be an adequate substitute. Section 2617 of the FMLA provides that an employee may file a complaint with the secretary of labor or bring an action against an employer, an indication that Congress intended the statute to be judicially enforceable.

{¶ 23} In *Felger v. Tubetech,* Columbiana App. No. 2000 CO 23, 2002-Ohio-1161, 2002 WL 417903, the Seventh District Court of Appeals found that collateral estoppel did not prevent an employee from raising a claim of discharge without just cause in an arbitration proceeding and later filing suit for racial discrimination, because the two remedies have legally independent origins and must be equally available to the employee. "[L]ogic dictates when an employee complains of being wrongfully discharged, the reason for discharge will be at issue. This will always be the case." Id. at ¶ 49. We agree that it makes no sense to find that appellant can enforce her rights under both the CBA and the statute if she is estopped from bringing an action under the statute because she stated the factual basis of her claim in the arbitration proceeding.

{¶ 24} We find that the trial court erred in dismissing appellant's FMLA claim.

The Disability–Discrimination Claim

{¶ 25} Appellant also pleaded a statutory claim for disability-discrimination pursuant to R.C.4112.02 (A). In order to survive a summary judgment, the appellant must set forth a prima facia case of disability discrimination by showing (1) that appellant was disabled, (2) that her employer took adverse employment action motivated at least in part by her disability, and (3) that appellant, even with her disability, can safely and substantially perform the essential functions of her job with or without reasonable accommodation. See *Columbus Civ. Serv. Comm. v. McGlone* (1998), 82 Ohio St.3d 569, 697 N.E.2d 204.

{¶ 26} The trial court noted that neither party had addressed the disability-discrimination claim in a brief on summary judgment. The court found that appellant did not set forth any facts in her complaint or brief consistent with her allegation of disability discrimination, including disclosing what her disability might be. The court found that appellant had failed to establish that she is qualified for the job that she was performing and failed to establish that her termination was because of any alleged disability.

{¶ 27} We have reviewed the record, and we agree that appellant did not allege all the elements of her claim in her complaint and that she did not come forward with evidence on the elements of disability discrimination in her response to the motion for summary judgment. The court did not err in granting summary judgment in favor of appellee on this claim.

{¶ 28} The assignment of error is sustained as to the FMLA claim and overruled as to the disability-discrimination claim.

{¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

Judgment affirmed in part
and reversed in part,
and cause remanded.

DELANEY and HOFFMAN, JJ., concur.